# Exhibit A

Person/Attorney Filing: Joy Bertrand
Mailing Address: Po Box 2734
City, State, Zip Code: Scottsdale, AZ 85252
Phone Number: (602)374-5321
E-Mail Address: joyous@mailbag.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024181, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| Angela Branum<br>Plaintiff(s),<br>v.<br>City of Phoenix, et al.<br>Defendant(s). | Case No.  C20212215<br><br>**SUMMONS**<br><br>HON. RICHARD E GORDON |

To: City of Phoenix

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY.  IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZTurboCourt.gov Form Set #5700530

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 5/12/2021

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
_____
               Deputy Clerk

Person/Attorney Filing: Joy Bertrand
Mailing Address: Po Box 2734
City, State, Zip Code: Scottsdale, AZ 85252
Phone Number: (602)374-5321
E-Mail Address: joyous@mailbag.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024181, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Angela Branum
Plaintiff(s),

v.

City of Phoenix, et al.
Defendant(s).

Case No. C20212215

**SUMMONS**

HON. RICHARD E GORDON

To: Maricopa County

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 5/12/2021

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
               Deputy Clerk

AZturboCourt.gov Form Set 57705530

2

Person/Attorney Filing: Joy Bertrand
Mailing Address: Po Box 2734
City, State, Zip Code: Scottsdale, AZ 85252
Phone Number: (602)374-5321
E-Mail Address: joyous@mailbag.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024181, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

Angela Branum
Plaintiff(s),

v.

City of Phoenix, et al.
Defendant(s).

Case No.  C20212215

**SUMMONS**

HON. RICHARD E GORDON

To: State of Arizona

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
    Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 5/12/2021

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
            Deputy Clerk

Person/Attorney Filing: Joy Bertrand
Mailing Address: Po Box 2734
City, State, Zip Code: Scottsdale, AZ 85252
Phone Number: (602)374-5321
E-Mail Address: joyous@mailbag.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024181, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Angela Branum
Plaintiff(s),

v.

City of Phoenix, et al.
Defendant(s).

Case No.  C20212215

**SUMMONS**

HON. RICHARD E GORDON

To: Corizon Health Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set 55T00550

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 5/12/2021

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
                Deputy Clerk

AZturboCourt.gov Form Set 6700530

2

Person/Attorney Filing: Joy Bertrand
Mailing Address: Po Box 2734
City, State, Zip Code: Scottsdale, AZ 85252
Phone Number: (602)374-5321
E-Mail Address: joyous@mailbag.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024181, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

Angela Branum
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No.  C20212215

**SUMMONS**

HON. RICHARD E GORDON

To: DPS JOHN DOES I-X

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 5/12/2021

Gary Harrison
Clerk of the Superior Court

By:  ALAN WALKER /s/
_____
Deputy Clerk

Person/Attorney Filing: Joy Bertrand
Mailing Address: Po Box 2734
City, State, Zip Code: Scottsdale, AZ 85252
Phone Number: (602)374-5321
E-Mail Address: joyous@mailbag.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024181, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Angela Branum
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No.  C20212215

**SUMMONS**

HON. RICHARD E GORDON

To: PFD JOHN DOES

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 110 West Congress
   Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 5/12/2021

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
                Deputy Clerk

Person/Attorney Filing: Joy Bertrand
Mailing Address: Po Box 2734
City, State, Zip Code: Scottsdale, AZ 85252
Phone Number: (602)374-5321
E-Mail Address: joyous@mailbag.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024181, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

Angela Branum
Plaintiff(s),

v.

City of Phoenix, et al.
Defendant(s).

Case No.  C20212215

**SUMMONS**

HON. RICHARD E GORDON

To: PPD JOHN DOES I-X

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
    Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 5/12/2021

Gary Harrison
Clerk of the Superior Court

By: ALAN WALKER /s/
_____
Deputy Clerk

Person/Attorney Filing: Joy Bertrand
Mailing Address: Po Box 2734
City, State, Zip Code: Scottsdale, AZ 85252
Phone Number: (602)374-5321
E-Mail Address: joyous@mailbag.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024181, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Angela Branum
Plaintiff(s),

v.

City of Phoenix, et al.
Defendant(s).

Case No.  C20212215

**SUMMONS**

HON. RICHARD E GORDON

To: MCSO JOHN DOES I-X

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
   Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZTurboCourt.gov Form Set #5700550

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 5/12/2021

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
_____
Deputy Clerk

2

Person/Attorney Filing: Joy Bertrand
Mailing Address: Po Box 2734
City, State, Zip Code: Scottsdale, AZ 85252
Phone Number: (602)374-5321
E-Mail Address: joyous@mailbag.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024181, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

Angela Branum
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No.  C20212215

**SUMMONS**

HON. RICHARD E GORDON

To: ADC JOHN DOES

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
   Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

   Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

   GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 5/12/2021

Gary Harrison
Clerk of the Superior Court

By: ALAN WALKER /s/

    Deputy Clerk

FILED
Gary Harrison
CLERK, SUPERIOR COURT
5/11/2021 5:00:25 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20212215
HON. RICHARD E GORDON

PERSON/ATTORNEY FILING: Joy Bertrand
MAILING ADDRESS: Po Box 2734
CITY, STATE, ZIP CODE: Scottsdale, AZ 85252
PHONE NUMBER: (602)374-5321
E-MAIL ADDRESS: joyous@mailbag.com
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 024181, Issuing State: AZ

## ARIZONA SUPERIOR COURT, PIMA COUNTY

Angela Branum
Plaintiff(s),

V.                                         CASE NO: _____

City of Phoenix, et al.                    **RULE 102a FASTAR CERTIFICATE**
Defendant(s).

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101b

and certifies that this case:

## (NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)

☐ **DOES** meet the eligibility criteria established by Rule 101b; or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101b.

Dated: _____

Joy Bertrand /s/ _____
SIGNATURE

FILED
Gary Harrison
CLERK, SUPERIOR COURT
5/11/2021 5:00:25 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20212215
HON. RICHARD E GORDON

# In the Superior Court of the State of Arizona
# In and For the County of Pima

**Plaintiff's Attorney:**
Joy Bertrand
Bar Number: 024181, issuing State: AZ
Law Firm: Joy Bertrand, Esq., LLC
Po Box 2734
Scottsdale, AZ 85252
Telephone Number: (602)374-5321
Email address: joyous@mailbag.com

**Plaintiff:**
Angela Branum
Telephone Number: (602)374-5321
Email address: branum914@gmail.com

**Defendants:**
City of Phoenix
City Clerk Department 200 W. Washington
Phoenix, AZ 85003

Maricopa County
Clerk of the Board of Supervisors 300 W. Jefferson, 10th Fl
Phoenix, AZ 85004

State of Arizona
Department of Administration, Risk Mgt. 100 N. 15th Ave.
Phoenix, AZ 85007

Corizon Health Inc.

DPS JOHN DOES I-X
Department of Administration, Risk Mgt. 100 N. 15th Ave.
Phoenix, AZ 85007

PFD JOHN DOES
City Clerk Department 200 W. Washington

Phoenix, AZ 85003

PPD JOHN DOES I-X
City Clerk Department 200 W. Washington
Phoenix, AZ 85003

MCSO JOHN DOES I-X
Clerk of the Board of Supervisors 300 W. Jefferson, 10th Fl
Phoenix, AZ 85004

ADC JOHN DOES
Department of Administration, Risk Mgt. 100 N. 15th Ave.
Phoenix, AZ 85007

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: other

FILED
Gary Harrison
CLERK, SUPERIOR COURT

5/11/2021 5:00:25 PM

BY  ALAN WALKER /S/
DEPUTY

Case No. C20212215
HON. RICHARD E GORDON

JOY BERTRAND, ESQ.
P.O. Box 2734
Scottsdale, Arizona 85252
Office:  602-374-5321
Fax:  480-361-4694
joyous@mailbag.com
Arizona State Bar No. 024181

Attorney for: Plaintiffs

# IN THE SUPERIOR COURT
## FOR THE STATE OF ARIZONA
### PIMA COUNTY

| | |
|---|---|
| The Estate of Justin Branum and Angela Branum, <br><br>       Plaintiffs, <br><br> v. <br><br> City of Phoenix, Arizona; Maricopa County, Arizona;  State of Arizona;  Phoenix Police Detective Ramirez (Badge # 8159); DPS John/Jane Does I-X, in their official capacity; PFD John/Jane Does I-X, in their official capacity; PPD John/Jane Does I-X, in their official capacity; Maricopa County Does I-X; ADC John/Jane Does I-X, in their official capacity;  Corizon Correctional Healthcare, Inc.; ABC Corporations I-X; Black And White Partnerships I-X; and Sole Proprietorships Or Trusts I-X, <br><br>       Defendants. | Case No. <br><br> **COMPLAINT** <br> (Jury Trial Requested) |

NOW COMES, the Estate of Justin Branum and his surviving wife, Angela Branum, their Counsel, to file Complaint against the Defendants.  In support thereof, they submit the following:

## PARTIES TO THE CASE

I.    **The Plaintiffs**

1.    Angela Branum is the widow of Justin Branum, who currently lives in Illinois.

2.    Ms. Branum is the named executor of the Estate of Justin Branum (deceased), awaiting formal appointment, Pima County Probate Court Number PB20210880.

II.    **The Defendants**

A.    *The Municipal and State Agency Defendants*

1.    Defendant City of Phoenix is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona.  The City of Phoenix is "state actor," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

2.    Defendant Maricopa County is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona.  Maricopa County is a "state actor," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

3.     Defendant State of Arizona is a governmental entity organized under the Constitution of the United States.

4.     The State of Arizona's subdivision and agencies include the Arizona Department of Public Safety (DPS) and the Department of Corrections (hereinafter, ADC).

5.     Defendant State of Arizona is liable for the acts or omissions of its employees within the scope of their employment, including the Director, officers, and other employees of ADC under the doctrine of *respondeat superior.*

6.     Pursuant to A.R.S. 31-201.01(F), any and all causes of action which may arise out of tort caused by a Director, prison officers, or employees of ADC run only against the State.

B.     *Individual Defendants*

7.     On information and belief, Defendant Ramirez is a resident of Maricopa County, Arizona.

8.     At all times alleged in this Complaint, Phoenix Detective Ramirez (PPD Badge Number 8159) was a police officer employed by the City of Phoenix, acting within the course and scope of his employment, and under color of state law.  Defendant Ramirez is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

9.     At all times alleged in this Complaint, DPS DOES I-X  were police officers and supervisors employed by the State of Arizona Department of Public Safety, acting within the course and scope of his employment, and under color of state law.  They are "state actors," as that term is used under the jurisprudence of 42 U.S.C. § 1983

10.     At all times alleged in this Complaint, PPD DOES I-X were police officers employed by the City of Phoenix, acting within the course and scope of his employment, and under color of state law.  PPD Does are "state actors," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

11.     At all times alleged in this Complaint, PFD DOES I-X were fire fighters employed by the City of Phoenix, acting within the course and scope of his employment, and under color of state law.  They are "state actors," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

12.     At all times alleged in this Complaint, MCSO DOES I-X were employees employed by Maricopa County, acting within the course and scope of their employment, and under color of state law.  They are "state actors," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

13.     At all times alleged in this Complaint, ADC DOES I-X were employees employed by the Arizona Department of Corrections, acting within the course

and scope of their employment, and under color of state law.  They are "state actors," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

14.     Corizon Correctional Health, Inc. (hereinafter "Corizon") was formed in a 2011 merger of Correctional Medical Services and Prison Health Services (PHS).

15.     Effective March 4, 2013, Corizon contracted with Arizona Department of Corrections to provide full service medical, mental health, and dental care to the inmates housed at ASPC-Douglas, ASPC-Phoenix, ASPC-Eyman, ASPC-Safford, ASPC-Florence, ASPC-Tucson, ASPC-Lewis, ASPC-Winslow, ASPC-Perryville, and ASPC-Yuma.

16.     On information and belief, Corizon was, and is, a for-profit corporation.

17.     Corizon was, and is, a sttse actor, as that term is used within the jurisprudence of federal civil rights law.

18.     Defendant State of Arizona retained monitoring responsibility for Defendant Corizon's provision of health care to inmates within the Arizona Department of Corrections prison system.

19.     Defendant State of Arizona requires inmates to be provided opportunities for reasonable and appropriate access to a community standard of health care and appropriate referrals for inmates who present for treatment.

20.     Defendant State of Arizona remains ultimately liable for the acts and omissions of Defendant Corizon in providing healthcare to inmates within the ADC system.

21.     Corizon's responsibility to ADC inmates extends to ensuring "all efforts are taken to maintain the inmate's life while on the prison complex."

22.     Inmates retain the right to refuse treatment, but if the inmate's decision is life-threatening, Corizon must follow Department Order Sect. 1101.11 (1.2.1), which initiates the chain of command to ensure that the inmate is mentally competent and makes a knowing, fully-informed decision, including seeking court authority for treatment.

23.     ADC policy requires notification to the Facility Health Warden Administrator (FHA), the ADC Contract Monitor, and the Warden.  A significant incident report must be completed, and the Department's General Counsel must be contacted. Contact with General Counsel initiates the involvement of the Office of the Attorney General in petition for court-mandated treatment.

24.     Even if an inmate refuses needed medical treatment, Corizon's responsibility extends to ensuring "that every possible avenue is explored to encourage cooperation by inmates in completion of their own care."

25.     ADC policy also requires Corizon to initiate a multi-disciplinary panel, in the event that there is a life-threatening failure of treatment.

26.     On information and belief, Defendant Corizon was, at all times relevant to this Complaint, subject to potential civil penalties for non-compliance with certain performance measures related to staffing and referral of inmates for medically-indicated care to non-employee ("outside") medical providers, specialists, and hospitals.

27.     On information and belief, at all times relevant to this Complaint, Defendant Corizon was subject to potential penalties for non-compliance with certain performance measures related to staffing and referral of inmates for medically indicated referrals to non-employee medical providers, specialists, and hospitals.

28.     On information and belief, the potential for such penalties has created a financial disincentive for Corizon to initiate policy-mandated proce edures.

29.     At all times alleged herein, Defendants JOHN DOE I-X; JANE DOE I-X; ABC CORPORATIONS I-X; BLACK AND WHITE PARTNERSHIPS I-X OR SOLE PROPRIETORSHIPS OR TRUSTS are persons, partnerships, corporations, or unincorporated associates subject to a suit in a common name whose names are unknown to the Plaintiffs and who are, therefore, designated by Rule 10(f), Rules of Civil Procedure.

30.     Each of these Defendants contributed to Justin Branum's nearly two years of extreme suffering and eventual death.

## JURISDICTION AND VENUE

31.     All previous paragraphs are incorporated.

32.     This Court has Personal Jurisdiction over the Estate of Justin Branum, because his last residence was in Pima County and his Estate has been opened in the Pima County Probate Court, see case number PB20210800.

33.     This Court has Personal Jurisdiction over each fictitiously-named entity, as each such entity either resides or has transacted business in the County of Pima in the State of Arizona.

34.     The events, acts, and/or omissions as described more fully throughout the paragraphs of this Complaint are not within the Exclusive Jurisdiction of any other Court.[1]

35.     The events, acts, and/or omissions as described more fully throughout the paragraphs of this Complaint state claims valued in excess of $1,000.00, exclusive of interest and costs.[2]

36.     Venue is properly the Superior Court for the State of Arizona in Pima County, as at least one Defendant resides in Pima County, Arizona, and the

---

[1] *See* Ariz. Const. Art. VI § 14.
[2] *Id.*

events, acts, and/or omissions which give rise to the causes of action asserted herein occurred in Maricopa County, Arizona.[3]

37.     As to Plaintiffs' claims under Arizona state law, Plaintiffs served a timely notice of claim under A.R.S. § 12-821.01 upon the Defendants.  The notice of claim was denied outright or by operation of law.

---

[3] *See* A.R.S. § 12-401 *et seq.*

## FACTUAL ALLEGATIONS IN SUPPORT OF THE PLAINTIFFS' CLAIMS

38.    When the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."[4]

**DPS' Beating of Justin Branum, Permanently Damaging his Intestines and Kidneys**

39.    Defendants DPS Does arrested Mr. Branum on September 19, 2017 at 1501 W. McDowell Road, Phoenix, Arizona.

40.    Before arresting Mr. Branum, Defendants DPS Does rammed the back of the truck in which he was seated.

41.    The officers then pulled Mr. Branum from the truck and beat him only on his body, not his face.

42.    The DPS DOES I-X deliberately avoided Mr. Branum's face, to prevent documentation of the beating in booking photos.

43.    On information and belief, the truck in which Mr. Branum was found at the Circle K was not moving when DPS officers approached it.

44.    Additionally on information and belief, Mr. Branum did not attempt to flee the officers and did not resist arrest.

---

[4] *DeShaney v. Winnebago County Dpmt. of Social Svcs.*, 489 U.S. 189, 199-20 (1989) citing *Estelle v. Gamble*, 429 U.S. 97 (1976) (Eighth Amendment) and *Youngberg v. Romeo*, 457 U.S. 307 (1982) (Fourteenth Amendment)).

45.     Yet, the officers beat him so viciously that Mr. Branum lost the function of his kidneys.

46.     DPS DOES transported Mr. Branum to the Phoenix Police Department, where Phoenix officers took custody of Mr. Branum.

47.     During the transport to Phoenix Police Department, Mr. Branum stated repeatedly that he was in pain and needed medical assistance.

48.     DPS DOES ignored and mocked his pleas for help.

**The Denial and Delay of Emergency Medical Care by Phoenix Fire Department and Phoenix Police Department.**

49.     Finally, when they arrived at the Phoenix Police Department, the Phoenix Fire Department was summoned.

50.     Based on information and belief, the PFD DOES looked at Mr. Branum in the back of the squad car and one of the DPS DOES I-X stated, "See? He's breathing. He's fine."

51.     Also on information and belief, PFD Does conducted no further exam of Mr. Branum and left the scene.

52.     DPS DOES then presented Mr. Branum to the Phoenix Police Department building, where Defendant Ramirez and PPD DOES held him and interrogated for approximately fifteen hours, with no medical care.

53.     On information and belief, Mr. Branum told the PPD Does and Defendant Ramirez that he was in pain and needed medical assistance.

54.    Also on information and belief, at one point, when Mr. Branum told the officers he was in pain, because the DPS DOES beat him.   They responded, "You should have complied."

55.    Defendant Ramirez and PPD DOES sought no medical assistance for him during the fifteen hours he was detained at the Phoenix Police Department.

56.    When Defendant Ramirez and PPD DOES finished with Mr. Branum, they transported him to Maricopa County Fourth Avenue Jail.

57.    On information and belief, Mr. Branum presented to the jail having sweat through his clothes and repeatedly stating he needed medical help.

58.    Rather than provide him medical help or tell the jail intake staff about Mr. Branum's injuries, the PPD DOES lied to jail intake, stating that he was "just coming down [off of drugs]."

**Further Delay of Mr. Branum's Medical Care in the Maricopa County Jail**

59.    Upon booking Mr. Branum, did nothing for several hours.

60.    Mr. Branum sat in "the tombs," for several hours, with no medical care, while his kidneys continued to fail.

61.    Several hours after being booked into the Fourth Avenue Jail, MCSO finally summoned medical assistance for Mr. Branum.

62.    He was transported by ambulance to the Maricopa Medical Center, where he was placed in a medically-induced coma.

63.    Days later, Mr. Branum woke up from the coma missing a portion of his intestines, relying on an ostomy bag, and, for the rest of his life, and requiring dialysis.

**Mr. Branum's Fifteen Months in Arizona Department of Corrections Custody that Ended in his Death.**

64.    Mr. Branum entered the custody of the Arizona Department of Corrections on March 28, 2018.

65.    When he entered ADC custody on March 28, 2018, he weighed 160 pounds and was five-feet, six inches tall.

66.    During his less than fifteen months in ADC, Mr. Branum had repeatedly pleaded for treatment, to include kidney dialysis.

67.    Mr. Branum required a kidney transplant to survive.

68.    He never received that transplant.

69.    Mr. Branum died on May 12, 2019.

70.    At the time of his death, he weighed 61 pounds.

71.    The Pima County coroner's office determined that Mr. Branum's primary cause of death was renal failure.

72.    On information and belief, representatives of Corizon and ADC stated falsely to the coroner that Mr. Branum had refused dialysis.

73.    Defendant Corizon regularly delayed or denied Mr. Branum this necessary medical care.

74.    Mr. Branum did not have any kidney issues before this arrest.

75.    Mr. Branum did not require the removal of part of his intestines and the placement of an ostomy bag before this arrest.

76.    Mr. Branum's post-arrest death is attributable to the individual defendants, the Arizona Department of Public Safety, the Phoenix Fire Department, the Phoenix Police Department, the Maricopa County Sheriff's office, the Arizona Department of Corrections, and Corizon Health Care.

77.    Mr. Branum's injuries and death are substantially attributable to the beating the officers gave him and their denial of medical care immediately after the beating.

78.    Mr. Branum's death also is substantially attributable to the denial of medical care by the Arizona Department of Corrections and its contractor, Defendant Corizon.

79.    Each of these agencies demonstrated in this course of events a failure to properly hire, retain, and train its personnel.

80.    A reasonable consideration of the conduct of each of these agencies shows assault and battery, gross negligence, deliberate violations of the United States and Arizona constitutions, and reckless indifference to Mr. Branum's serious medical needs.

**Actual and Constructive Notice to the State of Arizona and Corizon of Wholly Ineffective Health Care in Arizona State Prisons.**

81.    Mr. Branum is one of thousands of Arizona Department of Corrections inmates, who has been subject to grossly inadequate medical care while incarcerated.

82.    In 2018, an Arizona federal court held Arizona prison officials in contempt because, despite their having fined Corizon $1.4 million, it continued to provide substandard health care in the state's prisons.

83.    In or about February 2019, the State of Arizona terminated Corizon's DOC contract, effective July 1, 2019.

84.    The Arizona Department of Corrections paid Corizon a "per inmate per day" rate, according to the company's contract with the state, which amounted to roughly $189 million last year.

85.    The flat fee rate creates an incentive for Corizon to minimize inmates' medical care; the less it spends per inmate, the more it retains for profit.

86.    In 2012, the ACLU of Arizona, ACLU National Prison Project, Prison Law Office, and Arizona Center for Disability Law sued ADC, which was then

providing healthcare internally, for allegedly failing to supply adequate healthcare to the state's prisoners.[5]

87.    The next year, Corizon contracted with the Department of Corrections.

88.    In 2015, the United States District Court for the District of Arizona approved a class-action settlement between the Arizona Department of Corrections and 33,000 inmates in the class that mandated a number of changes, including timely responses to patients' medical requests and healthcare grievances. The lawsuit implicated the State's contractor, Corizon Health for ongoing failures to provide Arizona Department of Corrections inmates with proper health care, resulting in unnecessary suffering and death of inmates. [6]

89.    In an October 2017 email provided to United States District Court in that class action, former Corizon Health employee Angela Fischer, Regional Director of Mental Health Dr. Lynn Calcote wrote, "The sad circumstance is that we are faced with the choice of 'who do we decide to help?' because we cannot give all of them what we wish we could. Resources are limited and the more we focus on raising the bar on how we provide treatment, the less able we are to help all who need it."

---

[5] *Parsons v. Ryan*, Arizona District Court Number 12CV0601.
[6] *Id.*

90.     Fischer quit her job at Corizon to blow the whistle on what she saw as poor health care conditions in the prison. Fischer provided emails to the court where she had recounted a Corizon board chairman positing that the company had "been too aggressive in its bid" for a contract with the state.

91.     In June 2018, U.S. Magistrate Judge David Duncan fined the Department of Corrections approximately $1.4 million for not complying with terms of the agreement—$1,000 per violation—finding that, "The Court must place a clear and focused light on what is happening here: the State turned to a private contractor which has been unable to meet the prisoner's health care needs."

## CAUSES OF ACTION

92.     Plaintiffs are entitled to maintain an action for wrongful death against Defendants for such losses and injuries suffered by all statutory beneficiaries of decedent.  As a result of the wrongful acts of Defendants as set forth above. Plaintiffs and other statutory beneficiaries suffered damages including loss of love, companionship, and support.  Their causes of action are as follows:

### COUNT ONE
### 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Right to Familial Society and Companionship
### (All Defendants)

93. The foregoing paragraphs are incorporated as if fully set forth herein.

94.     The reckless, intentional, and deliberate acts and omissions of the Defendants were the direct legal cause of the deprivation of Angela Branum's constitutionally protected rights under the Fourteenth Amendment to the care, companionship, and familial society of her husband, Justin Branum.

95.     The acts and omissions of the Defendants were committed knowingly, intentionally, and maliciously, and for the purpose of causing harm.

**COUNT II**
**42 U.S.C. § 1983**
**Violation of Fourth Amendment Right to be Free from Unlawful Seizures and Excessive Force**
**(DPS DOES Defendants)**

96.     The foregoing paragraphs are incorporated as if fully set forth herein.

97.     Justin Branum had a Fourth Amendment right to be free from unlawful searches and seizures and from excessive force.

98.     DPS Does violated Justin Branum's Fourth Amendment rights when, acting in concert with one another, they beat him so severely that they permanently damaged his intestines and kidneys.

99.     The Defendants DPS Does violated Justin Branum's Fourth Amendment rights when they failed to de-escalate or disengage the other officers from their use of unreasonable and excessive force.

100.    The Fourth Amendment violations of all of Defendants DPS Does were independent, moving forces of Justin Branum's death.

101.   Because the DPS Does Defendants' actions were done knowingly, intentionally, and maliciously, Plaintiffs are entitled to recover compensatory and punitive damages.

## COUNT III
### Violations of the Fourteenth Amendment
### Deliberate Indifference to Serious Medical Needs
### (DPS DOES, City of Phoenix, Defendant Ramirez, PPD DOES, FPD DOES, Maricopa County, and MCSO DOES)

102.   The foregoing paragraphs are incorporated as if fully set forth herein.

103.   The Phoenix Fire Department and Phoenix Police Departments contributed to Mr. Branum's injuries and death.

104.   The PFD DOES failed to render care, taking the DPS officers' representation that Mr. Branum was "fine," because he was breathing.

105.   The PFD DOES failed to independently evaluate Mr. Branum.

106.   The Phoenix Police Department's refusal to provide medical care to Mr. Branum for fifteen hours – despite his pleas for help -- further contributed to his injuries and death.

107.   The PPD DOES' misrepresentation to the Maricopa County jail intake staff regarding the source of Mr. Branum's injuries, attributing them to Mr. Branum in drug withdrawal, further constitutes a deliberate indifference to Mr. Branum's serious medical needs.

108.   The MCSO DOES' delay in conducting independent medical exam of Mr. Branum, who presented at the Fourth Avenue Jail extremely ill, when he first arrived at the jail, constitutes a deliberate indifference to Mr. Branum's serious medical needs.

109.   The failure of the MCSO DOES to provide medical care for Mr. Branum for hours, forcing him, instead to languish in "the tombs," while his kidneys continued to fail, constitutes a deliberate indifference to Mr. Branum's serious medical needs.

110.   As a proximate result of the above Defendants' deliberate indifference to Mr. Branum's serious medical needs, Mr. Branum sustained horrific pain, suffering, emotional distress, and death.

111.   As a proximate result of the City of Phoenix, PPD DOES, PFD DOES, MCSO DOES, and MCSO's actions, Mr. Branum suffered immediate and irreparable injury, including physical, psychological and emotional injury, and eventual death and Ms. Branum lost her husband.

112.   Because the City of Phoenix, PPD DOES, PFD DOES, MCSO DOES, and MCSO's actions were done knowingly, intentionally, and maliciously, Plaintiffs are entitled to recover compensatory and punitive damages.

**COUNT IV**
***MONELL LIABILITY***
**(City of Phoenix and Maricopa County)**

113.   The foregoing paragraphs are incorporated as if fully set forth herein.

114.   As a proximate result of the City of Phoenix's and Maricopa County's unconstitutional policies, practices, acts and omissions, to include failures to train and supervise its officers,  Mr. Branum suffered immediate and irreparable injury, including physical, psychological and emotional injury, and eventual death and Ms. Branum lost her husband.[7]

## COUNT V
### Gross Negligence
### (City of Phoenix, PPD, PFD, Maricopa County, and MCSO Defendants)

115.   The foregoing paragraphs are incorporated as if fully set forth herein.

116.   PFD DOES' failure to conduct an independent assessment of an injured person, accepting the DPS DOES' representations that "he's breathing, he's fine," and failing to provide Mr. Branum any medical care constitutes gross negligence.

117.   Police officers have a duty to seek and provide medical care for suspects in their custody.

118.   DPS DOES, Defendant Ramirez and the PPD DOES' ignoring Mr. Branum's pleas for medical care, as he became visibly more and more ill over more than fifteen hours constitutes gross negligence.

119.   Maricopa County and MCSO DOES' failure to timely screen and treat a visibly ill inmate, who is insisting he is injured, constitutes gross negligence.

---

[7] *See Monell v. New York City Dept. of Social Svcs.*, 436 U.S. 658 (1978).

120.   As a proximate result of the above-named Defendants' gross negligence, Mr. Branum suffered immediate and irreparable injury, including physical, psychological and emotional injury, and eventual death and Ms. Branum lost her husband.

## COUNT VI
## NEGLIGENCE
### (DPS DOES, City of Phoenix, PPD Defendants, Maricopa County, and MCSO Defendants)

121.   The foregoing paragraphs are incorporated as if fully set forth herein.

122.   Police officers have a duty to seek and provide medical care for suspects in their custody.

123.   PFD DOES' failure to conduct an independent assessment of an injured person, accepting the DPS DOES' representations that "he's breathing, he's fine," and failing to provide Mr. Branum any medical care constitutes negligence.

124.   DPS DOES, Defendant Ramirez and the PPD DOES' ignoring Mr. Branum's pleas for medical care, as he became visibly more and more ill over more than fifteen hours constitutes gross negligence.

125.   Maricopa County and MCSO DOES' failure to timely screen and treat a visibly ill inmate, who is insisting he is injured, constitutes gross negligence.

126.   As a proximate result of the Maricopa County's unconstitutional policies, practices, acts and omissions, Mr. Branum suffered immediate and irreparable

1    injury, including physical, psychological and emotional injury, and eventual

2    death and Ms. Branum lost her husband.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## COUNT VII
### Violations of Ariz. Const. Art. II.4
### (DPS DOES)

127.   The foregoing paragraphs are incorporated as if fully set forth herein.

128.   DPS DOES' ramming of the truck in which Mr. Branum was seated constitutes a violation of Ariz. Const. Art. II.4.

129.   DPS DOES' beating of Mr. Branum constitutes a violation of Ariz. Const. Art. II.4.

130.   DPS DOES' refusal to provide Mr. Branum medical care, to include but not be limited to their false statements to the Phoenix Fire Department, discouraging the responders from rendering Mr. Branum care, also constitutes a violation of Ariz. Const. Art. II.4.

131.   As a proximate result of the DPS DOES' unconstitutional acts and omissions, Mr. Branum suffered immediate and irreparable injury, including physical, psychological and emotional injury, and eventual death.

### Count VIII
### Violations of the Eighth Amendment
### 42 U.S.C. 1983 and 1986
### Deliberate Indifference to Serious Medical Needs
### (Defendant State of Arizona and Corizon)

132.   Plaintiffs incorporates by reference the allegations of the foregoing paragraphs, as if specifically set forth herein.

133.   A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society."[8]

134.   The failure to provide a convicted inmate prudent and necessary health care violates the Eight Amendment.

135.   The State of Arizona, the ADC DOES, and Corizon Health had a duty to Mr. Branum to act as reasonably prudent health care providers acting under the same or similar circumstances.

136.   They ignored this duty repeatedly not only with Mr. Branum, but also with the more than thirty thousand Arizona inmates who were subject to the Parsons v. Ryan consent decree in the Arizona District Court.

137.   The State of Arizona's and Corizon Health's repeated violations of that consent decree demonstrate a deliberate agreement to continue to deny inmates timely, prudent health care.

138.   Their refusal to provide this care to Mr. Branum and his fellow inmates constitutes a deliberate agreement between the State of Arizona and Corizon Health to violate the inmates' Eight Amendment rights to be free of cruel and unusual punishment.

---

[8] *Brown v. Plata*, 563 U.S. 493 (2011).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## COUNT IX
## Wrongful Death
## A.R.S. 12-611
## (All Defendants)

139.   The foregoing paragraphs are incorporated as if fully set forth herein.

140.   Pursuant to A.R.S. § 12-611, et seq., liability for wrongful death exists if a person's death is caused by "wrongful act, neglect or default." In this matter. Defendants' "wrongful act, neglect or default" includes wrongful acts and negligence as set forth above.

141.   At all relevant times, the DPS Defendants were acting in the course and scope of their employment for Defendant State of Arizona.

142.   The State of Arizona is vicariously liable for the acts of the DPS Does.

143.   The DPS Does assaulted and battered Justin Branum.

144.   The DPS Does caused harmful or offensive contact to Justin Branum by using the excessive force that killed him.

145.   The assault and battery was not justified and resulted in Mr. Branum's death, damaging Plaintiffs.

146.   Defendants DPS DOES authorized, encouraged, or participated in, acted in concert with each other or pursuant to a common design to beat Mr. Branum with such force as to permanently damage his intestines and liver.

147.   In beating Mr. Branum with such force that it permanently damaged Mr. Branum's kidneys and liver, DPS DOES failed to use reasonable care and

-27-

recklessly disregarded obvious risks of harm to Justin Branum, proximately causing his death.

148.   As a direct result of DPS DOES' intentional, negligent, grossly negligent, deliberately indifferent, willful, wanton, and/or reckless conduct, Mr. Branum was killed, and Plaintiffs and all statutory beneficiaries of Mr. Branum sustained damages, including pain and suffering, grief, emotional distress, loss of support, loss of love and affection, and loss of enjoyment of life.

**City of Phoenix and PPD and FPD Defendants**

149.   In deliberately denying and delaying medical care for Mr. Branum, whom they knew was seriously injured, City of Phoenix, PPD DOES, and FPD DOES caused Mr. Branum horrific suffering and proximately caused his death.

**Maricopa County and MCSO Defendants**

150.   In failing to seek any medical care for Mr. Branum for several hours – despite him stating he was ill and needed assistance – Maricopa County and MCSO Defendants caused Mr. Branum even more horrific suffering and proximately caused his death.

**State of Arizona, ADC Defendants, and Corizon**

151.   Defendant State of Arizona is vicariously liable for the conduct of ADC employees for causing the Justin Branum's death.

152.   Defendant, State of Arizona, has a non-delegable duty of care, custody, and control of inmates within the state prison system.

153.   This non-delegable duty includes providing appropriate medical care for serious medical needs.

154.   Defendant, State of Arizona, has a duty to ensure, through appropriate monitoring, that reasonable and necessary medical care is being provided by contracted and subcontracted medical providers duly licensed and acting within the scope of those licenses according to the community standard of care to inmates within the ADC and the Arizona state prison system is delivered.

155.   Defendant, State of Arizona, breached its duty to Plaintiffs' decedent by failing to provide appropriate medical care for his serious medical needs.

156.   Defendant, State of Arizona, further breached its duty to Plaintiffs' decedent by failing to adequately monitor the contracted medical services being provided to Plaintiffs' decedent and others.

157.   As a result of these breaches, Plaintiffs' decedent failed to receive competent medical care for his serious medical needs resulting in his death.

158.   By virtue of the non-delegable duty set forth above, Defendant State of Arizona is vicariously liable for the medical negligence of Defendant Corizon Health, Inc.

159.   Defendant Corizon Health, Inc. has a duty to provide reasonable healthcare in accordance with the community standard of care by appropriately licensed medical personnel acting within the scope of their respective licenses.

160.   Defendant Corizon Health, Inc. breached that duty by failing to provide necessary medical care to Plaintiffs' decedent within the community standard of care.

161.   Defendant Corizon Health, Inc. and its employees and agents failed to properly recognize, assess, diagnose or treat Plaintiffs' decedent's serious medical condition resulting in his death.

162.   Defendant Corizon Health, Inc. and its employees and agents failed to exercise that degree of care that a reasonable provider would exercise under the same or similar circumstances.

163.   Defendant Corizon Health, Inc. created policies and procedures that resulted in its employees failing to practice within the scope of their respective licenses.

164.   Defendant Corizon Health, Inc.'s wrongful conduct includes, but is not limited to:

     a.   Failing to properly assess Plaintiffs' decedent after he made his medical needs known;

     b.   Failing to establish proper policy, procedures, custom and practice for identifying inmates who require a higher level of care than can be provided at the prison complex;

-30-

c.      Failing to provide appropriate personnel and to train that personnel in the recognition of conditions requiring a higher level of medical care than can be provided at the prison complex;

d.      Failing to properly assess Plaintiffs' decedent when his medical condition had obviously deteriorated;

e.      Failing to investigate Plaintiffs' decedent's declining medical condition and waiting until his condition was life-threatening before taking action;

f.      Failing to ascertain the source of Plaintiffs' decedent's complaints;

g.      Failing to act on objective signs of an increasingly serious medical condition until it was too late for effective treatment;

h.      Even if Mr. Branum was refusing treatment, which the Plaintiffs deny, Corizon violated the policies and procedures of the State of Arizona with respect to inmates who are refusing medical treatment;

i.      Had Corizon complied with the policies and procedures dictated to it by the State of Arizona, Justin Branum would have received the critical medical treatment he needed to prevent his death.

## RULE 26.2(c)(3)(A)

165.    Pursuant to Rule 26.2(c)(3)(A), Arizona Rules of Civil Procedure, this case is properly assigned to Tier 3.

WHEREFORE, the Plaintiffs respectfully ask this Honorable Court to find in their favor and enter JUDGMENT against the Defendants, and provide the following relief:

a.      For general damages, including but not limited to the loss of love, affection, companionship, and guidance resulting from the death of Justin Branum, pain, grief, sorrow, anguish, stress, shock, and

mental suffering already experienced and reasonably probable to be experienced in the future, and economic losses and loss of income, hedonic damages, and Justin Branum's pre-death pain and suffering;

b.   For special damages, including but not limited to the expenses of medical treatment, burial, and funeral;

c.   For punitive damages against the Defendants;

d.   For pre- and post-judgment interest to the extent permitted by law;

e.   For attorneys' fees and taxable costs under 42 U.S.C. § 1988 to the extent permitted by law;  and

f.    Such other relief as the Court deems just and proper.

Plaintiffs ask that this matter be tried to a jury.

Respectfully submitted this Eleventh day of May, 2021.


                                    s/Joy Bertrand
                                    _____

                                    Joy Bertrand
                                    Attorney for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PIMA**

ANGELA BRANUM VS. CITY OF PHOENIX ET AL.

Case: C20212215
Date: 7/19/2021

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

## NOTICE RE: IMPENDING DISMISSAL

It appearing that service of summons and complaint has not been made upon the defendant(s) listed below,

YOU ARE HEREBY NOTIFIED THAT the action will be dismissed without prejudice AS TO THE DEFENDANT(S) LISTED BELOW without further notice after 30 days from the date of this notice, unless good cause is shown why service was not made within the time limits established by Rule 4, Arizona Rules of Civil Procedure, and that additional time should be granted within which to accomplish service.

If you have reason to believe this notice has been issued in error please call **Case Management Services, Dismissal Desk, at 520-724-3551.**

BY:   Ana Rivera
Case Management Services

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

| PLAINTIFF | VS | DEFENDANT |
|---|---|---|
| BRANUM, ANGELA | | CITY OF PHOENIX<br>MARICOPA COUNTY<br>STATE OF ARIZONA<br>CORIZON HEALTH INC. |

cc:   JOY BERTRAND, ESQ.

FILED
Gary Harrison
CLERK, SUPERIOR COURT
8/13/2021 9:53:05 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20212215
HON. RICHARD E GORDON

Joy Bertrand, Esq.
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone: 602-374-5321
Fax: 480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

ATTORNEY FOR: DEFENDANT

IN THE SUPERIOR COURT OF ARIZONA
IN THE COUNTY OF PIMA

| | | |
|---|---|---|
| The Estate of Justin Branum, et al., | ) | Case No.  C20212215 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MOTION TO EXTEND TIME TO COMPLETE SERVICE NUNC PRO TUNC TO AUGUST 9, 2021** |
| | ) | |
| City of Phoenix, et al., , | ) | |
| Defendants. | ) | |

        NOW COME Plaintiffs, by their Attorney, Joy Bertrand, to ask this Court to extend time for the Plaintiffs to complete service on the Defendants for two weeks, to August 23, 2021.  As further grounds therefore, the Plaintiffs submit the following:

        On Saturday, April 24, 2021 – shortly before this lawsuit was filed, a woman fleeing an accident collided with Appellant's Counsel and her fiancé in Counsel's vehicle.  Both of them were injured in the wreck.

The emergency room doctor who saw counsel the night of the wreck initially Counsel off work for one week. Counsel remained off work, per her doctors' orders, through July 22, 2021.

In the first three weeks after the wreck, Appellant's Counsel shad difficulty standing and walking for extended periods of time. Counsel started physical therapy for injuries to her back and hips approximately two weeks after the wreck.

Her doctors also observed that she difficulty with speech and language, which prompted a referral to the Banner Concussion Center in Phoenix. Counsel was allowed to return to work on July 22, 2021, but she still has some cognitive and vision difficulties due to the concussion. The Court will find attached the off-work orders between April 24, 2021 and July 22, 201. She is happy to provide additional medical records in camera, upon request.

In the course of being treated for all of the above, Counsel mis-calendared the date to complete service in this matter, marking it for August 17, instead of August 9.

Counsel will address service on Monday August 16, 2021. She expects to have service on all Defendants complete by August 23, 2021. The Plaintiffs therefore ask this Court to continue the time to complete service for fourteen days, *nunc pro tunc* to August 9, 2021.

The Court will find attached a proposed Order.

Respectfully submitted this Thirteenth day of August, 2021.


/s/Joy Bertrand
Joy Bertrand
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Joy Bertrand, do hereby certify that, on August 13, 2021, the foregoing was filed via Arizona TurboCourt.  To date, no Defendants have entered a Notice of Appearance, so there are no opposing parties to serve.

Respectfully submitted this Thirteenth day of August, 2021.


s/Joy Bertrand
Joy Bertrand
Attorney for Plaintiffs



Banner Health.

1320 N 10th St Ste B
Phoenix, AZ 85006

July 01, 2021

JOY BERTRAND



To Whom It May Concern:

The person above is currently under my medical care and may not return to work/school at this time.
Follow Up 2-3 weeks

If you require additional information please contact our office.

Sincerely,
STEVEN ERICKSON MD

MD

 **Banner Health.**

1320 N 10th St Ste B
Phoenix, AZ 85006

June 09, 2021

JOY BERTRAND

To Whom It May Concern:

The person above is currently under my medical care and may not return to work/school at this time.
Patient is to remain off work until July 1, 2021.

If you require additional information please contact our office.

Sincerely,
STEVEN ERICKSON MD

MD



4720 E. Greenway Rd
Phoenix, AZ 85032

May 13, 2021

JOY BERTRAND
8124 E WHITTON AVE
MARICOPA
SCOTTSDALE, AZ 85251

Joy Malby Bertrand was evaluated and she is showing signs of cognitive impairment.
Pt was advised to stay off work for 4 weeks until she is reevaluated by Neurology.

Sincerely,

KOTHANDAPANY SHALINI MD

**Kothandapany Shalini, MD**
Internal Medicine
**Banner Health Center Greenway**
4720 E Greenway Rd
Phoenix, AZ 85032
Office (602) 439-6000 Fax (602) 439-6289

Work/School Note

*BANNER -- UNIVERSITY MEDICAL CENTER PHOENIX*
*1111 East McDowell R*
*Phoenix, AZ 85006*
*(602)839-2000*

Patient Name:  **BERTRAND, JOY MALBY**          Visit Date:    04/24/2021 19:56

Ordering MD:  JENSEN PA, JORDAN R

This patient was seen at this facility on an **Emergency**    basis.

He / she is excused from work / school for 7 days

Order Comments:

Entered By: JENSEN PA, JORDAN R                Ordered Date/Time: 04/24/21 23:27
1bh. ordreqwsn/1214                            Printed Date/Time: 04/24/21 23:27

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
8/16/2021 3:05:15 PM
CASE C20212215

Joy Bertrand, Esq.
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone: 602-374-5321
Fax: 480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

## IN THE SUPERIOR COURT OF ARIZONA
## IN THE COUNTY OF PIMA

| | |
|---|---|
| The Estate of Justin Branum, et al., ) | Case No.  C20212215 |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| City of Phoenix, et al., , ) | |
| Defendants. ) | |

Upon Motion of the Plaintiffs, with good cause appearing,

IT IS ORDERED granting the Plaintiffs' Motion to Extend Time to

Complete Service *nunc pro tunc* to August 9, 2021.

IT IS FURTHER ORDERED that service on the Defendants shall be

completed by August 23, 2021.

SO ORDERED this 16ᵗʰ day of August, 2021.

/s/

HON. RICHARD E. GORDON
(ID: 67899bc3-6840-45aa-9966-880f5751e12d)

Page 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

COURT NOTICE

THE ORIGINAL FILER MUST SERVE A COPY OF THIS

[ORDER/NOTICE/JUDGMENT]

ON ALL PARTIES HAVING APPEARED IN THIS CASE

FILED
Gary Harrison
CLERK, SUPERIOR COURT
8/18/2021 1:45:43 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20212215
HON. RICHARD E GORDON

JOY BERTRAND, ESQ.
P.O. Box 2734
Scottsdale, Arizona 85252
Office: 602-374-5321
Fax: 480-361-4694
joyous@mailbag.com
Arizona State Bar No. 024181

Attorney for: Plaintiffs

## IN THE SUPERIOR COURT
## FOR THE STATE OF ARIZONA
## PIMA COUNTY

| | | |
|---|---|---|
| The Estate of Justin Branum and Angela Branum, | ) | Case No. C20212215 |
| | ) | |
| Plaintiffs, | ) | **AMENDED COMPLAINT** (Jury Trial Requested) |
| v. | ) | |
| | ) | |
| City of Phoenix, Arizona; Maricopa County, Arizona;  State of Arizona;  Phoenix Police Detective Ramirez (Badge # 8159); DPS John/Jane Does I-X, in their official capacity; PFD John/Jane Does I-X, in their official capacity; PPD John/Jane Does I-X, in their official capacity; Maricopa County Does I-X; ADC John/Jane Does I-X, in their official capacity;  Corizon Correctional Healthcare, Inc.; ABC Corporations I-X; Black And White Partnerships I-X; and Sole Proprietorships Or Trusts I-X, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

-1-

1
2
3
4

NOW COME, the Estate of Justin Branum and his surviving wife, Angela Branum, their Counsel, to file Complaint against the Defendants. In support thereof, they submit the following:

5

## PARTIES TO THE CASE

6
7

### I.   The Plaintiffs

8
9

1.      Angela Branum currently lives in Illinois; she is is the widow of Justin Branum.

10
11
12

2.      Ms. Branum has been appointed the executor of the Estate of Justin Branum (deceased), Pima County Probate Court Number PB20210880.

13

### II.   The Defendants

14

*A.   The Municipal and State Agency Defendants*

15
16
17
18
19

1.      Defendant City of Phoenix is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona.  The City of Phoenix is "state actor," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

20
21
22
23
24

2.      Defendant Maricopa County is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona.  Maricopa County is a "state actor," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

25

3.     Defendant State of Arizona is a governmental entity organized under the Constitution of the United States.

4.     The State of Arizona's subdivision and agencies include the Arizona Department of Public Safety (DPS) and the Department of Corrections (hereinafter, ADC).

5.     Defendant State of Arizona is liable for the acts or omissions of its employees within the scope of their employment, including the Director, officers, and other employees of ADC under the doctrine of *respondeat superior*.

6.     Pursuant to A.R.S. 31-201.01(F), any and all causes of action which may arise out of tort caused by a Director, prison officers, or employees of ADC run only against the State.

B.     *Individual Defendants*

7.     On information and belief, Defendant Ramirez is a resident of Maricopa County, Arizona.

8.     At all times alleged in this Complaint, Phoenix Detective Ramirez (PPD Badge Number 8159) was a police officer employed by the City of Phoenix, acting within the course and scope of his employment, and under color of state law. Defendant Ramirez is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

9.    At all times alleged in this Complaint, DPS DOES I-X were police officers and supervisors employed by the State of Arizona Department of Public Safety, acting within the course and scope of his employment, and under color of state law. They are "state actors," as that term is used under the jurisprudence of 42 U.S.C. § 1983

10.    At all times alleged in this Complaint, PPD DOES I-X were police officers employed by the City of Phoenix, acting within the course and scope of his employment, and under color of state law. PPD Does are "state actors," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

11.    At all times alleged in this Complaint, PFD DOES I-X were fire fighters employed by the City of Phoenix, acting within the course and scope of his employment, and under color of state law. They are "state actors," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

12.    At all times alleged in this Complaint, MCSO DOES I-X were employees employed by Maricopa County, acting within the course and scope of their employment, and under color of state law. They are "state actors," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

13.    At all times alleged in this Complaint, ADC DOES I-X were employees employed by the Arizona Department of Corrections, acting within the course

and scope of their employment, and under color of state law. They are "state actors," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

14.     Corizon Correctional Health, Inc. (hereinafter "Corizon") was formed in a 2011 merger of Correctional Medical Services and Prison Health Services (PHS).

15.     Effective March 4, 2013, Corizon contracted with ADC to provide full service medical, mental health, and dental care to the inmates housed at ASPC-Douglas, ASPC-Phoenix, ASPC-Eyman, ASPC-Safford, ASPC-Florence, ASPC-Tucson, ASPC-Lewis, ASPC-Winslow, ASPC-Perryville, and ASPC-Yuma.

16.     On information and belief, Corizon was, and is, a for-profit corporation.

17.     Corizon was, and is, a state actor, as that term is used within the jurisprudence of federal civil rights law.

18.     Defendant State of Arizona retained monitoring responsibility for Defendant Corizon's provision of health care to inmates within the ADC prison system.

19.     Defendant State of Arizona requires inmates to be provided opportunities for reasonable and appropriate access to a community standard of health care and appropriate referrals for inmates who present for treatment.

20.     Defendant State of Arizona remains ultimately liable for the acts and omissions of Defendant Corizon in providing healthcare to inmates within the ADC system.

21.     Corizon's responsibility to ADC inmates extends to ensuring "all efforts are taken to maintain the inmate's life while on the prison complex."

22.     Inmates retain the right to refuse treatment, but if the inmate's decision is life-threatening, Corizon must follow Department Order Sect. 1101.11 (1.2.1), which initiates the chain of command to ensure that the inmate is mentally competent and makes a knowing, fully-informed decision, including seeking court authority for treatment.

23.     ADC policy requires notification to the Facility Health Warden Administrator (FHA), the ADC Contract Monitor, and the Warden.  A significant incident report must be completed, and the Department's General Counsel must be contacted. Contact with General Counsel initiates the involvement of the Office of the Attorney General in petition for court-mandated treatment.

24.     Even if an inmate refuses needed medical treatment, Corizon's responsibility extends to ensuring "that every possible avenue is explored to encourage cooperation by inmates in completion of their own care."

25.     ADC policy also requires Corizon to initiate a multi-disciplinary panel, in the event that there is a life-threatening failure of treatment.

26.     On information and belief, Defendant Corizon was, at all times relevant to this Complaint, subject to potential civil penalties for non-compliance with certain performance measures related to staffing and referral of inmates for

medically-indicated care to non-employee ("outside") medical providers, specialists, and hospitals.

27.     On information and belief, at all times relevant to this Complaint, Defendant Corizon was subject to potential penalties for non-compliance with certain performance measures related to staffing and referral of inmates for medically indicated referrals to non-employee medical providers, specialists, and hospitals.

28.     On information and belief, the potential for such penalties has created a financial disincentive for Corizon to initiate policy-mandated procedures.

29.     At all times alleged herein, Defendants JOHN DOE I-X; JANE DOE I-X; ABC CORPORATIONS I-X; BLACK AND WHITE PARTNERSHIPS I-X OR SOLE PROPRIETORSHIPS OR TRUSTS are persons, partnerships, corporations, or unincorporated associates subject to a suit in a common name whose names are unknown to the Plaintiffs and who are, therefore, designated by Rule 10(f), Rules of Civil Procedure.

30.     Each of these Defendants contributed to Justin Branum's nearly two years of extreme suffering and eventual death.

## JURISDICTION AND VENUE

31.     All previous paragraphs are incorporated.

32.    This Court has Personal Jurisdiction over the Estate of Justin Branum, because his last residence was in Pima County;  and his Estate is open in the Pima County Probate Court, case number PB20210800.

33.    This Court has Personal Jurisdiction over each fictitiously-named entity, as each such entity either resides or has transacted business in the County of Pima in the State of Arizona.

34.    The events, acts, and/or omissions as described more fully throughout the paragraphs of this Complaint are not within the Exclusive Jurisdiction of any other Court.[1]

35.    The events, acts, and/or omissions as described more fully throughout the paragraphs of this Complaint state claims valued in excess of $1,000.00, exclusive of interest and costs.[2]

36.    Venue is properly the Superior Court for the State of Arizona in Pima County, as at least one Defendant resides in Pima County, Arizona, and the events, acts, and/or omissions which give rise to the causes of action asserted herein occurred in Maricopa County, Arizona.[3]

---

[1] *See* Ariz. Const. Art. VI § 14.

[2] *Id.*

[3] *See* A.R.S. § 12-401 *et seq.*

37.     As to Plaintiffs' claims under Arizona state law, Plaintiffs served a timely notice of claim under A.R.S. § 12-821.01 upon the Defendants.  The notice of claim was denied outright or by operation of law.

## FACTUAL ALLEGATIONS IN SUPPORT OF THE PLAINTIFFS' CLAIMS

38.     When the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."[4]

### DPS' Beating of Justin Branum, Permanently Damaging his Intestines and Kidneys

39.     Defendants DPS Does arrested Mr. Branum on September 19, 2017 at 1501 W. McDowell Road, Phoenix, Arizona.

40.     Before arresting Mr. Branum, Defendants DPS Does rammed the back of the truck in which he was seated.

41.     The officers then pulled Mr. Branum from the truck and beat him only on his body, not his face.

42.     The DPS DOES I-X deliberately avoided Mr. Branum's face, to prevent documentation of the beating in booking photos.

---

[4] *DeShaney v. Winnebago County Dpmt. of Social Svcs.*, 489 U.S. 189, 199-20 (1989) citing *Estelle v. Gamble*, 429 U.S. 97 (1976) (Eighth Amendment) and *Youngberg v. Romeo*, 457 U.S. 307 (1982) (Fourteenth Amendment)).

43.   On information and belief, the truck in which Mr. Branum was found at the Circle K was not moving when DPS officers approached it.

44.   Additionally on information and belief, Mr. Branum did not attempt to flee the officers and did not resist arrest.

45.   Yet, the officers beat him so viciously that Mr. Branum lost the function of his kidneys.

46.   DPS DOES transported Mr. Branum to the Phoenix Police Department, where Phoenix officers took custody of Mr. Branum.

47.   During the transport to Phoenix Police Department, Mr. Branum stated repeatedly that he was in pain and needed medical assistance.

48.   DPS DOES ignored and mocked his pleas for help.

**The Denial and Delay of Emergency Medical Care by Phoenix Fire Department and Phoenix Police Department.**

49.   Finally, when they arrived at the Phoenix Police Department, the Phoenix Fire Department was summoned.

50.   Based on information and belief, the PFD DOES examined Mr. Branum in the back of the squad car and one of the DPS DOES I-X stated, "See? He's breathing. He's fine."

51.   Also on information and belief, PFD Does conducted no further exam of Mr. Branum and left the scene.

52.     DPS DOES then presented Mr. Branum to the Phoenix Police Department building, where Defendant Ramirez and PPD DOES held him and interrogated for approximately fifteen hours, with no medical care.

53.     On information and belief, Mr. Branum told the PPD Does and Defendant Ramirez that he was in pain and needed medical assistance.

54.     Also on information and belief, at one point, when Mr. Branum told the officers he was in pain, because the DPS DOES beat him.   They responded, "You should have complied."

55.     Defendant Ramirez and PPD DOES sought no medical assistance for him during the fifteen hours he was detained at the Phoenix Police Department.

56.     When Defendant Ramirez and PPD DOES finished with Mr. Branum, they transported him to Maricopa County Fourth Avenue Jail.

57.     On information and belief, Mr. Branum presented to the jail having sweat through his clothes and repeatedly stating he needed medical help.

58.     Rather than provide him medical help or tell the jail intake staff about Mr. Branum's injuries, the PPD DOES lied to jail intake, stating that he was "just coming down [off of drugs]."

**Further Delay of Mr. Branum's Medical Care in the Maricopa County Jail**

59.     Upon booking Mr. Branum, did nothing for several hours.

60.    Mr. Branum sat in "the tombs," for several hours, with no medical care, while his kidneys continued to fail.

61.    Several hours after being booked into the Fourth Avenue Jail, MCSO finally summoned medical assistance for Mr. Branum.

62.    He was transported by ambulance to the Maricopa Medical Center, where he was placed in a medically-induced coma.

63.    Days later, Mr. Branum woke up from the coma missing a portion of his intestines, relying on an ostomy bag, and, for the rest of his life, and requiring dialysis.

**Mr. Branum's Fifteen Months in Arizona Department of Corrections Custody that Ended in his Death.**

64.    Mr. Branum entered the custody of the Arizona Department of Corrections on March 28, 2018.

65.    When he entered ADC custody on March 28, 2018, he weighed 160 pounds and was five-feet, six inches tall.

66.    During his less than fifteen months in ADC, Mr. Branum had repeatedly pleaded for treatment, to include kidney dialysis.

67.    Mr. Branum required a kidney transplant to survive.

68.    He never received that transplant.

69.    Mr. Branum died on May 12, 2019.

70.    At the time of his death, he weighed 61 pounds.

71.   The Pima County coroner's office determined that Mr. Branum's primary cause of death was renal failure.

72.   On information and belief, representatives of Corizon and ADC stated falsely to the coroner that Mr. Branum had refused dialysis.

73.   Defendant Corizon regularly delayed or denied Mr. Branum this necessary medical care.

74.   Mr. Branum did not have any kidney issues before this arrest.

75.   Mr. Branum did not require the removal of part of his intestines and the placement of an ostomy bag before this arrest.

76.   Mr. Branum's post-arrest death is attributable to the individual defendants, the Arizona Department of Public Safety, the Phoenix Fire Department, the Phoenix Police Department, the Maricopa County Sheriff's office, the Arizona Department of Corrections, and Corizon Health Care.

77.   Mr. Branum's injuries and death are substantially attributable to the beating the officers gave him and their denial of medical care immediately after the beating.

78.   Mr. Branum's death also is substantially attributable to the denial of medical care by the Arizona Department of Corrections and its contractor, Defendant Corizon.

79.    Each of these agencies demonstrated in this course of events a failure to properly hire, retain, and train its personnel.

80.    A reasonable consideration of the conduct of each of these agencies shows assault and battery, gross negligence, deliberate violations of the United States and Arizona constitutions, and reckless indifference to Mr. Branum's serious medical needs.

### Actual and Constructive Notice to the State of Arizona and Corizon of Wholly Ineffective Health Care in Arizona State Prisons

81.    Mr. Branum is one of thousands of Arizona Department of Corrections inmates, who has been subject to grossly inadequate medical care while incarcerated.

82.    In 2018, an Arizona federal court held Arizona prison officials in contempt because, despite their having fined Corizon $1.4 million, it continued to provide substandard health care in the state's prisons.

83.    In or about February 2019, the State of Arizona terminated Corizon's DOC contract, effective July 1, 2019.

84.    The Arizona Department of Corrections paid Corizon a "per inmate per day" rate, according to the company's contract with the state, which amounted to roughly $189 million last year.

85.    The flat fee rate creates an incentive for Corizon to minimize inmates' medical care; the less it spends per inmate, the more it retains for profit.

86.     In 2012, the ACLU of Arizona, ACLU National Prison Project, Prison Law Office, and Arizona Center for Disability Law sued ADC, which was then providing healthcare internally, for allegedly failing to supply adequate healthcare to the state's prisoners.[5]

87.     The next year, Corizon contracted with the Arizona Department of Corrections.

88.     In 2015, the United States District Court for the District of Arizona approved a class-action settlement between the Arizona Department of Corrections and 33,000 inmates in the class that mandated a number of changes, including timely responses to patients' medical requests and healthcare grievances.  The lawsuit implicated the State's contractor, Corizon Health for ongoing failures to provide Arizona Department of Corrections inmates with proper health care, resulting in unnecessary suffering and death of inmates. [6]

89.     In an October 2017 email provided to United States District Court in that class action, former Corizon Health employee Angela Fischer provided an email from Regional Director of Mental Health Dr. Lynn Calcote that said, "The sad circumstance is that we are faced with the choice of 'who do we decide to help?'

---

[5] *Parsons v. Ryan*, Arizona District Court Number 12CV0601.

[6] *Id.*

because we cannot give all of them what we wish we could.  Resources are limited and the more we focus on raising the bar on how we provide treatment, the less able we are to help all who need it."[7]

90.     Fischer quit her job at Corizon to blow the whistle on what she saw as poor health care conditions in the prison.  Fischer provided emails to the Arizona U.S. District Court where she had recounted a Corizon board chairman positing that the company had been "too aggressive in its bid" for a contract with the State of Arizona.[8]

91.     In June 2018, U.S. Magistrate Judge David Duncan fined the Department of Corrections approximately $1.4 million for not complying with terms of the agreement—$1,000 per violation—finding that, "The Court must place a clear and focused light on what is happening here: the State turned to a private contractor which has been unable to meet the prisoner's health care needs."[9]

---

[7] Jimmy Jenkins, "Health Care Concerns Remain in Arizona Prisons as Settlement Process Drags On," Fronterasdesk.org, April 8, 2020, available at https://fronterasdesk.org/content/695945/health-care-concerns-remain-arizona-prisons-settlement-process-drags (last visited August 18, 2021).

[8] *Id.*

[9] *Parsons v. Ryan*, Arizona District Court Number 12CV601, ECF Doc. 2898 at 20.

## CAUSES OF ACTION

92.     Plaintiffs are entitled to maintain an action for wrongful death against Defendants for such losses and injuries suffered by all statutory beneficiaries of decedent.  As a result of the wrongful acts of Defendants as set forth above. Plaintiffs and other statutory beneficiaries suffered damages including loss of love, companionship, and support.  Their causes of action are as follows:

### COUNT ONE
### 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Right to Familial Society and Companionship
### (All Defendants)

93. The foregoing paragraphs are incorporated as if fully set forth herein.

94.     The reckless, intentional, and deliberate acts and omissions of the Defendants were the direct legal cause of the deprivation of Angela Branum's constitutionally protected rights under the Fourteenth Amendment to the care, companionship, and familial society of her husband, Justin Branum.

95.     The acts and omissions of the Defendants were committed knowingly, intentionally, and maliciously, and for the purpose of causing harm.

### COUNT II
### 42 U.S.C. § 1983
### Violation of Fourth Amendment Right to be Free from Unlawful Seizures and Excessive Force
### (DPS DOES Defendants)

96.     The foregoing paragraphs are incorporated as if fully set forth herein.

97.   Justin Branum had a Fourth Amendment right to be free from unlawful searches and seizures and from excessive force.

98.   DPS Does violated Justin Branum's Fourth Amendment rights when, acting in concert with one another, they beat him so severely that they permanently damaged his intestines and kidneys.

99.   The Defendants DPS Does violated Justin Branum's Fourth Amendment rights when they failed to de-escalate or disengage the other officers from their use of unreasonable and excessive force.

100.   The Fourth Amendment violations of all of Defendants DPS Does were independent, moving forces of Justin Branum's death.

101.   Because the DPS Does Defendants' actions were done knowingly, intentionally, and maliciously, Plaintiffs are entitled to recover compensatory and punitive damages.

### COUNT III
**Violations of the Fourteenth Amendment**
**Deliberate Indifference to Serious Medical Needs**
**(DPS DOES, City of Phoenix, Defendant Ramirez, PPD DOES, FPD DOES, Maricopa County, and MCSO DOES)**

102.   The foregoing paragraphs are incorporated as if fully set forth herein.

103.   The Phoenix Fire Department and Phoenix Police Departments contributed to Mr. Branum's injuries and death.

104.    The PFD DOES failed to render care, taking the arresting officers' representation that Mr. Branum was "fine," because he was breathing.

105.    The PFD DOES failed to independently evaluate Mr. Branum.

106.    The Phoenix Police Department's refusal to provide medical care to Mr. Branum for fifteen hours – despite his pleas for help -- further contributed to his injuries and death.

107.    The PPD DOES' misrepresentation to the Maricopa County jail intake staff regarding the source of Mr. Branum's injuries, attributing them to Mr. Branum in drug withdrawal, further constitutes a deliberate indifference to Mr. Branum's serious medical needs.

108.    The MCSO DOES' delay in conducting independent medical exam of Mr. Branum, who presented at the Fourth Avenue Jail extremely ill, when he first arrived at the jail, constitutes a deliberate indifference to Mr. Branum's serious medical needs.

109.    The failure of the MCSO DOES to provide medical care for Mr. Branum for hours, forcing him, instead to languish in "the tombs," while his kidneys continued to fail, constitutes a deliberate indifference to Mr. Branum's serious medical needs.

110.   As a proximate result of the above Defendants' deliberate indifference to Mr. Branum's serious medical needs, Mr. Branum sustained horrific pain, suffering, emotional distress, and death.

111.   As a proximate result of the City of Phoenix, PPD DOES, PFD DOES, MCSO DOES, and MCSO's actions, Mr. Branum suffered immediate and irreparable injury, including physical, psychological and emotional injury, and eventual death and Ms. Branum lost her husband.

112.   Because the City of Phoenix, PPD DOES, PFD DOES, MCSO DOES, and MCSO's actions were done knowingly, intentionally, and maliciously, Plaintiffs are entitled to recover compensatory and punitive damages.

## COUNT IV
### *MONELL LIABILITY*
### (City of Phoenix and Maricopa County)

113.   The foregoing paragraphs are incorporated as if fully set forth herein.

114.   As a proximate result of the City of Phoenix's and Maricopa County's unconstitutional policies, practices, acts and omissions, to include failures to train and supervise its officers,  Mr. Branum suffered immediate and irreparable injury, including physical, psychological and emotional injury, and eventual death and Ms. Branum lost her husband.[10]

---

10  *See Monell v. New York City Dept. of Social Svcs.*, 436 U.S. 658 (1978).

## COUNT V
### Gross Negligence
**(City of Phoenix, PPD, PFD, Maricopa County, and MCSO Defendants)**

115.   The foregoing paragraphs are incorporated as if fully set forth herein.

116.   PFD DOES' failure to conduct an independent assessment of an injured person, accepting the DPS DOES' representations that "he's breathing, he's fine," and failing to provide Mr. Branum any medical care constitutes gross negligence.

117.   Police officers have a duty to seek and provide medical care for suspects in their custody.

118.   DPS DOES, Defendant Ramirez and the PPD DOES' ignoring Mr. Branum's pleas for medical care, as he became visibly more and more ill over more than fifteen hours constitutes gross negligence.

119.   Maricopa County and MCSO DOES' failure to timely screen and treat a visibly ill inmate, who is insisting he is injured, constitutes gross negligence.

120.   As a proximate result of the above-named Defendants' gross negligence, Mr. Branum suffered immediate and irreparable injury, including physical, psychological and emotional injury, and eventual death and Ms. Branum lost her husband.

## COUNT VI
### NEGLIGENCE
**(DPS DOES, City of Phoenix, PPD Defendants, Maricopa County, and MCSO DOES)**

121.   The foregoing paragraphs are incorporated as if fully set forth herein.

122.   Police officers have a duty to seek and provide medical care for suspects in their custody.

123.   PFD DOES' failure to conduct an independent assessment of an injured person, accepting the DPS DOES' representations that "he's breathing, he's fine," and failing to provide Mr. Branum any medical care constitutes negligence.

124.   DPS DOES, Defendant Ramirez and the PPD Defendants' ignoring Mr. Branum's pleas for medical care, as he became visibly more and more ill over more than fifteen hours constitutes gross negligence.

125.   Maricopa County and MCSO DOES' failure to timely screen and treat a visibly ill inmate, who is insisting he is injured, constitutes gross negligence.

126.   As a proximate result of the Maricopa County's unconstitutional policies, practices, acts and omissions, Mr. Branum suffered immediate and irreparable injury, including physical, psychological and emotional injury, and eventual death and Ms. Branum lost her husband.

**COUNT VII**
**Violations of Ariz. Const. Art. II.4**
**(DPS DOES)**

127.   The foregoing paragraphs are incorporated as if fully set forth herein.

128.   DPS DOES' ramming of the truck in which Mr. Branum was seated constitutes a violation of Ariz. Const. Art. II.4.

129.   DPS DOES' beating of Mr. Branum constitutes a violation of Ariz. Const. Art. II.4.

130.   DPS DOES' refusal to provide Mr. Branum medical care, to include but not be limited to their false statements to the Phoenix Fire Department, discouraging the responders from rendering Mr. Branum care, also constitutes a violation of Ariz. Const. Art. II.4.

131.   As a proximate result of the DPS DOES' unconstitutional acts and omissions, Mr. Branum suffered immediate and irreparable injury, including physical, psychological and emotional injury, and eventual death.

**Count VIII**
**Violations of the Eighth Amendment**
**42 U.S.C. 1983 and 1986**
**Deliberate Indifference to Serious Medical Needs**
**(Defendant State of Arizona and Corizon)**

132.   Plaintiffs incorporates by reference the allegations of the foregoing paragraphs, as if specifically set forth herein.

133.   A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society."[11]

134.   The failure to provide a convicted inmate prudent and necessary health care violates the Eight Amendment.

135.   The State of Arizona, the ADC DOES, and Corizon Health had a duty to Mr. Branum to act as reasonably prudent health care providers acting under the same or similar circumstances.

136.   They ignored this duty repeatedly not only with Mr. Branum, but also with the more than thirty thousand Arizona inmates who were subject to the Parsons v. Ryan consent decree in the Arizona District Court.

137.   The State of Arizona's and Corizon Health's repeated violations of that consent decree demonstrate a deliberate agreement to continue to deny inmates timely, prudent health care.

138.   Their refusal to provide this care to Mr. Branum and his fellow inmates constitutes a deliberate agreement between the State of Arizona and Corizon Health to violate the inmates' Eight Amendment rights to be free of cruel and unusual punishment.

COUNT IX

---

[11] *Brown v. Plata*, 563 U.S. 493 (2011).

## Wrongful Death
## A.R.S. 12-611
## (All Defendants)

139.   The foregoing paragraphs are incorporated as if fully set forth herein.

140.   Pursuant to A.R.S. § 12-611, et seq., liability for wrongful death exists if a person's death is caused by "wrongful act, neglect or default." In this matter, Defendants' "wrongful act, neglect or default" includes wrongful acts and negligence as set forth above.

141.   At all relevant times, the DPS Defendants were acting in the course and scope of their employment for Defendant State of Arizona.

142.   The State of Arizona is vicariously liable for the acts of the DPS Does.

143.   The DPS Does assaulted and battered Justin Branum.

144.   The DPS Does caused harmful or offensive contact to Justin Branum by using the excessive force that killed him.

145.   The assault and battery was not justified and resulted in Mr. Branum's death, damaging Plaintiffs.

146.   Defendants DPS DOES authorized, encouraged, or participated in, acted in concert with each other or pursuant to a common design to beat Mr. Branum with such force as to permanently damage his intestines and liver.

147.   In beating Mr. Branum with such force that it permanently damaged Mr. Branum's kidneys and liver, DPS DOES failed to use reasonable care and

recklessly disregarded obvious risks of harm to Justin Branum, proximately causing his death.

148.   As a direct result of DPS DOES' intentional, negligent, grossly negligent, deliberately indifferent, willful, wanton, and/or reckless conduct, Mr. Branum was killed, and Plaintiffs and all statutory beneficiaries of Mr. Branum sustained damages, including pain and suffering, grief, emotional distress, loss of support, loss of love and affection, and loss of enjoyment of life.

**City of Phoenix and PPD and FPD Defendants**

149.   In deliberately denying and delaying medical care for Mr. Branum, whom they knew was seriously injured, City of Phoenix, PPD DOES, and FPD DOES caused Mr. Branum horrific suffering and proximately caused his death.

**Maricopa County and MCSO Defendants**

150.   In failing to seek any medical care for Mr. Branum for several hours – despite him stating he was ill and needed assistance – Maricopa County and MCSO Defendants caused Mr. Branum even more horrific suffering and proximately caused his death.

**State of Arizona, ADC Defendants, and Corizon**

151.   Defendant State of Arizona is vicariously liable for the conduct of ADC employees for causing the Justin Branum's death.

152.   Defendant, State of Arizona, has a non-delegable duty of care, custody, and control of inmates within the state prison system.

153.   This non-delegable duty includes providing appropriate medical care for serious medical needs.

154.   Defendant, State of Arizona, has a duty to ensure, through appropriate monitoring, that reasonable and necessary medical care is being provided by contracted and subcontracted medical providers duly licensed and acting within the scope of those licenses according to the community standard of care to inmates within the ADC and the Arizona state prison system is delivered.

155.   Defendant, State of Arizona, breached its duty to Plaintiffs' decedent by failing to provide appropriate medical care for his serious medical needs.

156.   Defendant, State of Arizona, further breached its duty to Plaintiffs' decedent by failing to adequately monitor the contracted medical services being provided to Plaintiffs' decedent and others.

157.   As a result of these breaches, Plaintiffs' decedent failed to receive competent medical care for his serious medical needs resulting in his death.

158.   By virtue of the non-delegable duty set forth above, Defendant State of Arizona is vicariously liable for the medical negligence of Defendant Corizon Health, Inc.

159.   Defendant Corizon Health, Inc. has a duty to provide reasonable healthcare in accordance with the community standard of care by appropriately licensed medical personnel acting within the scope of their respective licenses.

160.   Defendant Corizon Health, Inc. breached that duty by failing to provide necessary medical care to Plaintiffs' decedent within the community standard of care.

161.   Defendant Corizon Health, Inc. and its employees and agents failed to properly recognize, assess, diagnose or treat Plaintiffs' decedent's serious medical condition resulting in his death.

162.   Defendant Corizon Health, Inc. and its employees and agents failed to exercise that degree of care that a reasonable provider would exercise under the same or similar circumstances.

163.   Defendant Corizon Health, Inc. created policies and procedures that resulted in its employees failing to practice within the scope of their respective licenses.

164.   Defendant Corizon Health, Inc.'s wrongful conduct includes, but is not limited to:

   a.   Failing to properly assess Plaintiffs' decedent after he made his medical needs known;

   b.   Failing to establish proper policy, procedures, custom and practice for identifying inmates who require a higher level of care than can be provided at the prison complex;

-28-

c.    Failing to provide appropriate personnel and to train that personnel in the recognition of conditions requiring a higher level of medical care than can be provided at the prison complex;

d.    Failing to properly assess Plaintiffs' decedent when his medical condition had obviously deteriorated;

e.    Failing to investigate Plaintiffs' decedent's declining medical condition and waiting until his condition was life-threatening before taking action;

f.    Failing to ascertain the source of Plaintiffs' decedent's complaints;

g.    Failing to act on objective signs of an increasingly serious medical condition until it was too late for effective treatment;

h.    Even if Mr. Branum was refusing treatment, which the Plaintiffs deny, Corizon violated the policies and procedures of the State of Arizona with respect to inmates who are refusing medical treatment;

i.    Had Corizon complied with the policies and procedures dictated to it by the State of Arizona, Justin Branum would have received the critical medical treatment he needed to prevent his death.

## RULE 26.2(c)(3)(A)

165.    Pursuant to Rule 26.2(c)(3)(A), Arizona Rules of Civil Procedure, this case is properly assigned to Tier 3.

**WHEREFORE**, the Plaintiffs respectfully ask this Honorable Court to find in their favor and enter JUDGMENT against the Defendants, and provide the following relief:

a.    For general damages, including but not limited to the loss of love, affection, companionship, and guidance resulting from the death of Justin Branum, pain, grief, sorrow, anguish, stress, shock, and

mental suffering already experienced and reasonably probable to be experienced in the future, and economic losses and loss of income, hedonic damages, and Justin Branum's pre-death pain and suffering;

b.   For special damages, including but not limited to the expenses of medical treatment, burial, and funeral;

c.   For punitive damages against the Defendants;
d.   For pre- and post-judgment interest to the extent permitted by law;

e.   For attorneys' fees and taxable costs under 42 U.S.C. § 1988 to the extent permitted by law;  and

f.    Such other relief as the Court deems just and proper.

Plaintiffs ask that this matter be tried to a jury.

Respectfully submitted this Eleventh day of May, 2021.


s/Joy Bertrand

_____

Joy Bertrand
Attorney for Plaintiff