**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Branum, | No. CV-21-00357-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Plaintiff Angela Branum, who is represented by counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 17.) Before the Court is Plaintiffs' second Motion to Extend Time to Submit Expert Disclosures (Doc. 104) and the parties' Responses (Docs. 118-120) to the Court's Order directing the parties to apprise the Court of their positions on whether proceeding with this action will prejudice any party (Doc. 117). For the following reasons, the Court will stay this entire case pending the lifting of the automatic bankruptcy stay issued in Defendant Corizon's bankruptcy proceeding.

**I.   Background**

Plaintiffs in this case are the Estate of Justin Branum ("Mr. Branum") and his surviving wife, Angela Branum, who has been appointed the executor of Mr. Branum's estate. (Doc. 17 ¶¶ 1, 2.) Plaintiffs allege in their Third Amended Complaint that Mr. Branum was arrested by Arizona Department of Public Safety ("DPS") officers, who pulled him from his vehicle and beat him until he lost kidney function. (*Id.* ¶¶ 48, 50, 54.) DPS officers then transported Mr. Branum to the Phoenix Police Department

("PPD"), where Phoenix Fire Department ("PFD") responders examined Mr. Branum. (*Id.* ¶ 55, 59.) PPD officers subsequently transported Mr. Branum to the Maricopa County Fourth Avenue Jail. (*Id.* ¶ 65.) Despite expressing that he was sick and needed to go to the hospital, Mr. Branum sat in the jail for hours with no medical care while his kidneys failed. (*Id.* ¶ 76, 79.) Approximately 90 hours after Mr. Branum was booked into the Fourth Avenue Jail, he was transported by ambulance to the Maricopa Medical Center, where he was placed into a medically induced coma. (*Id.* ¶¶ 84, 85.) Days later, Mr. Branum woke up from the coma, missing a portion of his intestines, relying on an ostomy bag, and requiring daily dialysis for the rest of his life. (*Id.* ¶ 86.) Mr. Branum entered the Arizona Department of Corrections ("ADC") on March 28, 2018. (*Id.* ¶ 87.) Mr. Branum received treatment from Corizon Health, Inc.[1] until he died on May 12, 2019. (*Id.* ¶ 92.) The Pima County coroner's office determined that Mr. Branum's primary cause of death was renal failure. (*Id.* ¶ 94.)

Plaintiffs allege the following claims in their Third Amended Complaint: a Fourteenth Amendment familial association claim against all Defendants in Count 1; Fourth Amendment unlawful seizure and excessive force claims against DPS Director Heston Selbert and DPS Doe Defendants in Count 2; Fourteenth Amendment medical care claims against unnamed DPS, PPD, PFD, and Maricopa County Sheriff's Office Doe Defendants, PPD Detective Ramirez, PPD Chief Jeri Williams, and PFD Chief Sarah Kalkbrenner in Count 3; municipal liability claims against the City of Phoenix and Maricopa County in Count 4; and Eighth and Fourteenth Amendment medical care claims against the State of Arizona (through former ADC Director David Shinn and ADC Does) and Corizon in Count 5; and a wrongful death claim against Corizon in Count 6. (Doc. 17; *see also* Doc. 46.)

Defendant Corizon has filed a Suggestion of Bankruptcy and Notice of Automatic Stay under 11 U.S.C. § 362(a). (Doc. 110.) Corizon has also provided notice that the bankruptcy court temporarily extended the automatic stay to claims against Defendant

---

[1] Corizon Health, Inc. is now known as Tehum Care Services, Inc. (*See* Doc. 112-1; Doc. 116.)

Shinn through May 18, 2023. (Doc. 116 at 2.) On February 24, 2023, Plaintiff filed a Motion to stay these proceedings "for ninety days or until the automatic stay issued in Defendant Corizon's bankrtupcy [sic] is lifted, whichever is earlier." (Doc. 112 at 1.) Thereafter, this Court ordered each party to "file a response reflecting their positions as to why proceeding with discovery as to the non-debtor Defendants will prejudice any party." (Doc. 117 at 3.)[2]

In response to the Court's Order, Plaintiffs affirmed their support for a stay "commensurate with the bankruptcy court's temporary stay" to promote "fundamental fairness and judicial efficiency and economy." (Doc 120 at 5.) Plaintiffs raised concerns about the prejudice that could befall "DPS Defendants, the City of Phoenix, and Maricopa County" if this case proceeded and these Defendants were unable to take discovery from Corizon "when that discovery directly impacts the determination of fault attributable to each Defendant." (*Id.*) Further, Plaintiffs aver that proceeding while the case is stayed against the entities that provided medical care to Mr. Branum "could result in a significant duplication of effort and inconsistent results for these remaining [D]efendants." (*Id.* at 5-6.) Finally, Plaintiffs expressed their intent to oppose the bankruptcy court's stay and prosecute their claims against Corizon and the Arizona Department of Corrections through this matter, which they hope to have "entirely back on track after the bankruptcy court rules on the stay motion." (*Id.* at 8-9.)

In its Response, Defendant Maricopa County contends that several factors support a stay in this case. (Doc. 118.) First, this case's procedural posture supports a stay because discovery is incomplete, the trial date is not set, and the pre-trial conference is not yet scheduled. (*Id.* at 5.) Next, Maricopa County avers that a stay would not damage any party. (*Id.*) Maricopa County then argues that a stay should be granted because "the allegations related to causation against Corizon are inextricably linked to the claims against the County and seemingly against all Defendants." (*Id.* at 6.) Furthermore, in a

---

[2] The Court directed Plaintiffs' response to also address service as to Defendants Ramirez, Kalkbrenner, Williams, and Selbert. (Doc. 117 at 3.) The Court will address that issue in a separate order.

case of concurrent causation, Defendants bear the burden of proving the extent to which Mr. Branum's harm resulted from other concurrent causes. (*Id.* at 7.) Thus, Defendants would be highly prejudiced if the action proceeded without Corizon. (*Id.*) Finally, Maricopa County asserts that Corizon's absence could result "in an unjustified apportionment of damages because a critical Defendant would not be included in the jury deliberations." (*Id.*) Defendant City of Phoenix joined in Defendant Maricopa County's Response. (Doc. 119.)

On July 31, 2023, Defendants City of Phoenix and Maricopa County filed a Stipulation to Extend Case Management Deadlines, in which the parties requested an eight-month extension of the remaining case management deadlines. (Doc. 124.)

On August 9, 2023, Plaintiffs filed a Status Memorandum Regarding Corizon Bankruptcy Proceedings. (Doc. 125.) Plaintiffs confirmed that they filed a Motion for Relief from Stay with the bankruptcy court; however, that court *sua sponte* continued the hearing on the Motion. (*Id.* at 1.) Plaintiffs' counsel states that she believes that "the bankruptcy court likely will not hear motions for relief from the stay until Tehum Care Services and the Creditors Committee complete a global mediation." (*Id.* at 2.) Counsel "has not been contacted regarding the scheduling of that mediation." (*Id.*) Finally, Plaintiffs note that it is unclear how the mediation would resolve their claims against the State of Arizona regarding Mr. Branum's incarceration in the ADC. (*Id.* at 3.)

On August 15, 2023, Plaintiffs filed a Memorandum in Response to Defendants' July 31, 2023 Stipulation. (Doc. 126.) Plaintiffs communicated that they are "unhappy about the delay created by Corizon's bankruptcy filing." (*Id.* at 1.) Accordingly, Plaintiffs "have asked the bankruptcy court to lift its stay and return to this Court the Plaintiffs' Corizon/State of Arizona claims.' (*Id.*) Plaintiffs state that if the case against Corizon resolves at mediation, the remaining parties can move forward with this case. (*Id.* at 2.) If it does not resolve at mediation, the case against Corizon will be returned to this Court. (*Id.*) Plaintiffs express concern that the schedule proposed by Defendants City of Phoenix and Maricopa County does not account for Corizon's potential return to

this litigation and that the deadlines for discovery are too short. (*Id.* at 2.) Finally, Plaintiffs reiterate their concern that allowing this action to proceed without Corizon could create "duplicative work" and "cause substantial prejudice" to the parties. (*Id.* at 2, 4.)

**II. Analysis**

Under 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition automatically stays any "judicial ... action or proceeding against the debtor that was or could have been commenced before the" petition was filed. 11 U.S.C. § 362(a)(1). Plaintiffs' claims against Corizon fall within the scope of § 362(a)(1). Accordingly, all proceedings concerning Corizon are stayed in this matter, pending the bankruptcy proceeding's completion.[3]

The automatic stay does not encompass the entirety of this action. The Ninth Circuit has made clear that:

> As a general rule, "[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor."

*In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (quoting *In re Advanced Ribbons & Office Prods.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991)). Nonetheless, district courts have inherent power to stay proceedings in their respective courts. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In determining whether to stay proceedings, the court must weigh:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which

---

[3] As noted above, the bankruptcy court temporarily extended the automatic stay to Defendant Shinn. (*See* Doc. 116.) It is not clear based on the record before this Court whether the temporary extension has expired.

could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Based on the party's filings, the Court finds that a stay is justified based on the hardship and inequity the parties may suffer by proceeding and the simplifying of factual and legal issues that could be expected to result from a stay. *See Lockyer* 398 F.3d at 1112. Furthermore, the Court finds that the possible damage that may result from a stay is minimal at this juncture. Accordingly, the Court will stay this entire case pending the lifting of the automatic bankruptcy stay issued in Defendant Corizon's bankruptcy proceeding. Because this case will be stayed, Plaintiffs' second Motion to Extend Time to Submit Expert Disclosure (Doc. 104)[4] and Defendants' Stipulation to Extend Case Management Deadlines (Doc. 124) will be denied as moot. The parties shall promptly notify this Court of any relevant developments in Corizon's bankruptcy proceeding.

**IT IS ORDERED:**

(1) Plaintiffs' second Motion to Extend Time to Submit Expert Disclosures (Doc. 104) is **denied as moot**.

(2) Defendants City of Phoenix and Maricopa County's Stipulation to Extend Case Management Deadlines (Doc. 124) is **denied as moot**.

(3) The above-entitled action is **stayed** pending further Order of this Court.

(4) Within **fourteen (14) days** from the date this Order is filed, and **every sixty (60) days** thereafter, the parties shall file a status report regarding the status of the Corizon's bankruptcy proceeding.

. . . .

. . . .

. . . .

. . . .

---

[4] In Plaintiffs' second Motion to Extend Time to Submit Expert Disclosures (Doc. 104), Plaintiffs express concern that Defendants "City of Phoenix and State of Arizona have not met their obligations under Fed. R. Civ. Pro 26 and have not fully responded to the Plaintiffs' document requests." (Doc. 104.) Plaintiffs are encouraged to refer to the Court's August 19, 2022 Order (Doc. 54 at 2-3.), which outlines the process for resolving discovery disputes.

(5) The parties shall notify this Court within **seven (7) days** of the issuance of any order by the bankruptcy court affecting the automatic stay as applied to this case.

Dated this 21st day of September, 2023.

_____
Honorable Rosemary Márquez
United States District Judge