**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Angela Branum,

        Plaintiff,

v.

City of Phoenix, et al.,

        Defendants.

No. CV-21-00357-TUC-RM

**ORDER**

In the operative Third Amended Complaint in the above-captioned matter, Plaintiffs assert claims against numerous Defendants under 42 U.S.C. § 1983 and state law arising from the death of Justin Branum.  (Doc. 17.)  Pending before the Court is Defendant State of Arizona's Motion for Judgment on the Pleadings (Doc. 142), and Plaintiff's Motion to Extend Time to Respond (Doc. 160). For the following reasons, the Court will grant both Motions. The Court also addresses herein service issues relating to Defendants Ramirez, Kalkbrenner, Williams, and Selbert (Silbert), as well as a Stipulation to Dismiss with Prejudice (Doc. 168) filed by Defendant Corizon Health.

## I.      Motion for Judgment on the Pleadings

In its Motion for Judgment on the Pleadings, the State of Arizona argues that all claims against it must be dismissed because it has been sued only under 42 U.S.C. § 1983, and the State is not a "person" amenable to suit under that statute. (*See* Doc. 142.) Plaintiff does not contest the validity of this argument, but rather asserts in response that the State of Arizona's Motion is untimely, and that even if the Motion is timely, the State waived its

sovereign immunity by removing this case from Arizona state court. (*See* Doc. 147.)

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) may be made "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Such a motion is "functionally identical" to a motion to dismiss for failure to state a claim. *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017). As such, a motion for judgment on the pleadings should be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of a cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Section 1983 authorizes the assertion of claims only against a "person" who acted under color of state law to deprive another of rights secured by the Constitution. 42 U.S.C. § 1983. "[A] State is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The Eleventh Amendment bars suits against states in federal court except where Congress has exercised its power to abrogate a state's sovereign immunity, or where a state has waived its immunity. *Id.* A state waives its sovereign immunity on federal-law claims by removing an action to federal court. *Walden v. Nevada*, 945 F.3d 1088, 1092 (9th Cir. 2019). However, the scope of the Eleventh Amendment and the scope of Section 1983 are separate issues. *Will*, 491 U.S. at 66. Removing a case to federal court—though waiving a state's sovereign immunity on federal law claims—does not render inapplicable the inherent requirement that a Section 1983 defendant be a "person" within the meaning of the statute. *S.C. v. Cnty. of Los Angeles*, No. CV 21-6163-MWF (PDX), 2023 WL 10407121 (C.D. Cal. Jan. 5, 2023) (waiver of sovereign immunity is a separate issue from whether Section 1983 applies to a named defendant) (collecting cases).

Here, the State of Arizona's Motion for Judgment on the Pleadings is timely under

Rule 12(c), and Plaintiff's attempts to construe the Motion as being brought under Rule 12(b)(6) are unfounded. There being no trial set in the above-captioned matter, and with the discovery period not yet closed, it cannot be said that the Motion has delayed trial in this case, and it is properly brought under Rule 12(c). Although it is not clear why the State waited so long to address the issue raised in the Motion, that does not constitute a basis under the Federal Rules for refusing to consider the Motion's merits.

Since the State of Arizona is not a "person" within the meaning of Section 1983, the claims asserted against it in this action must be dismissed. The fact that the State removed this action from state court does not affect this conclusion, because the sovereign immunity of the State and the scope of Section 1983 constitute separate issues. As the State correctly points out, it is not possible to waive the elements of a cause of action, and here, a necessary element is that the defendant be a "person" within the meaning of Section 1983. (Doc. 149 at 3.) Accordingly, the State's Motion for Judgment on the Pleadings will be granted, and the claims against the State will be dismissed.

## II.    Service Issues

On September 21, 2023, the Court stayed this matter pending the lifting of the automatic bankruptcy stay issued in Defendant Corizon Health's bankruptcy proceeding. (Doc. 127.) The Court lifted the stay in this matter on August 12, 2025.  (Doc. 137.) On April 18, 2023, prior to the stay of this case, the Court ordered Plaintiff to address service as to Defendants Ramirez, Kalkbrenner, Williams, and Selbert (Silbert).[1] (Doc. 117 at 3.) Plaintiff filed the requested Response, and the City of Phoenix filed an Objection, to which Plaintiff filed a Reply. (Doc. 120 at 6, Doc. 121, Doc. 122.) Given the stay of the case that was entered on September 21, 2023, the Court has not yet addressed the parties' positions regarding the service issues. It is now appropriate to do so.

Defendants Ramirez, Kalkbrenner, and Williams are, or were at the time of the

---

[1] It appears that Plaintiff erroneously spelled this name "Selbert" in her Third Amended Complaint, and the name is actually "Heston *Silbert*." Arizona Daily Independent News Network, *Arizona DPS Director Silbert to Retire Effective Friday*, https://arizonadailyindependent.com/2023/01/03/arizona-dps-director-silbert-to-retire-effective-friday/ (lasted visited April 2, 2026).

relevant events, City of Phoenix employees. (Doc. 17 at 1-2.) The Third Amended Complaint alleges that Defendant Ramirez is a police detective, Defendant Kalkbrenner is chief of the Phoenix Fire Department, and Defendant Williams is chief of the Phoenix Police Department. (*Id.*) Defendant Selbert (Silbert) was Director of the Arizona Department of Public Safety. (*Id.*) Plaintiff has sued each of these Defendants only in their official capacities. (*Id.*)

In Plaintiff's Response, Plaintiff does not contest that service has not been completed on the above Defendants. (*See* Doc. 120.) Plaintiff asserts that any service objection as to the unserved Defendants has been waived because the Defendants who have appeared have "filed no motion regarding the service" on the unserved Defendants. (Doc. 120 at 7.) Plaintiff further asserts in her response that the City of Phoenix's answer to Plaintiff's Third Amended Complaint "responded to the allegations against" Defendants Ramirez, Kalkbrenner, and Williams, since they are City of Phoenix employees. (*Id.*) Finally, Plaintiff asserts that the lack of service on Defendant Selbert (Silbert) should be of no import because "the State has filed no notice or request to replace Mr. Silbert" with the individual who took over Mr. Selbert's position as Director of the Arizona Department of Public Safety.[2] (*Id.* at 8.)

In its Objection to Plaintiff's Response, the City of Phoenix points out that its counsel never filed a notice of appearance or any other documents on behalf of Defendants Ramirez, Kalkbrenner, and Williams, for the very reason that they had not been served. (Doc. 121 at 3.) The City disputes Plaintiff's assertion that the City filed an Answer on behalf of Defendants Ramirez, Kalkbrenner, and Williams; the City explains that it merely conceded in its Answer that those Defendants were its employees and denied the remaining paragraphs relating to those Defendants because the City was required to answer the

---

[2] Plaintiff states that Mr. Silbert should be replaced by Mr. Ryan Thornell, but it appears that Plaintiff confuses the Directors of the Arizona Department of Public Safety and the Arizona Department of Corrections, respectively. Mr. Silbert, *former* Director of the Department of Public Safety, was replaced by Mr. Jeffrey Glover. DEPARTMENT OF PUBLIC SAFETY, https://www.azdps.gov/colonel (last visited April 2, 2026). Mr. Thornell, *current* Director of the Department of Corrections, replaced Mr. David Shinn, *former* Director of the Department of Corrections. DEPARTMENT OF CORRECTIONS, REHABILITATION, & REENTRY, https://corrections.az.gov/office-director.

allegations of the Third Amended Complaint. (*Id.*) Finally, the City explains that the deadline to complete service prescribed by Rule 4(m) may only be extended for good cause, and the City argues that no good cause exists here. (*Id.*)

Plaintiff's attempts to contort the rules regarding service of process to excuse a yearslong failure to complete service are without merit. Contrary to Plaintiff's assertions, the Defendants who have been served are under no obligation to contest service of process as to any other Defendant. A party asserts defenses that are applicable to the claims against *it*, and does not litigate a case on behalf of every other defendant. *See* Fed. R. Civ. P. 12. Objections to service of process are waived only if a defendant appears in an action and fails to raise the objection in the defendant's answer or other initial response to the complaint. Fed. R. Civ. P. 12(h). Since Defendants Ramirez, Kalkbrenner, Williams, and Selbert (Silbert) have not appeared, it follows that they cannot have waived objections regarding service of process.

Plaintiff's argument that the City of Phoenix appeared on behalf of Defendants Ramirez, Kalkbrenner, and Williams by answering allegations regarding these Defendants made in the Third Amended Complaint is similarly unavailing. "A government employer's entry of appearance is not deemed an entry of appearance by its employees sued in their official capacities." *Cheeks v. Belmar*, 331 F.R.D. 499, 505 (E.D. Mo. 2019) (citing *Gillpatrick v. Frakes*, No. 4:18CV3011, 2018 WL 1955120, at *3 (D. Neb. Feb. 26, 2018)). Here, as the City points out, its counsel "never filed a notice of appearance or any other documents on behalf of Defendants Ramirez, Kalkbrenner, and Williams in this action." (Doc. 121 at 3.) Moreover, the City's answer to Plaintiff's Third Amended Complaint cannot be construed as answering the Complaint on behalf of Defendants Ramirez, Kalkbrenner, and Williams merely because it acknowledged that those Defendants were City employees; the City was simply responding to the allegations in the Complaint, as required. The City's answer also repeatedly refers to "this answering Defendant" in the singular. (*See* Doc. 26.)

Finally, Plaintiff's argument that her obligation to complete service on the Director

- 5 -

of the Arizona Department of Public Safety was relieved because Mr. Selbert (Silbert)—the office holder at the time Plaintiff filed her Third Amended Complaint—was replaced by Mr. Glover is also unavailing. Rule 25(d) provides that when a public officer who is a party in an official capacity . . . resigns or otherwise ceases to hold office while the action is pending[,] [t]he officer's successor is *automatically* substituted as a party." (emphasis added). "[A]ny misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution." Fed. R. Civ. P. 25(d). While this rule provides for automatic substitution, it does not excuse a failure to complete service of process.  Here, neither Mr. Selbert (Silbert) nor any of his successors has been served in accordance with the rules governing personal service.

Moreover, in her arguments regarding service on Mr. Selbert (Silbert) or his successor, Plaintiff wrongfully conflates service upon the State of Arizona as being equivalent to service upon the State's public officials in their official capacity. It appears to be the majority view among courts to address the issue that a state officer sued in his official capacity must be served in accordance with the rules governing service upon individuals. *See Alexander v. Brown*, No. 8:23-cv-00274-JFW-SHK, 2024 WL 1218280 (C.D. Cal. Feb. 9, 2024), *report and recommendation adopted*, No. 823CV00274JFWSHK, 2024 WL 1216716 at *9 (C.D. Cal. Mar. 20, 2024); *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 29-30 (1st Cir. 1988). "'[W]here a state officer is sued in his official capacity, the state has a major interest in the outcome,' but the officer remains the actual and separate party to the action." *Cheeks*, 331 F.R.D. at 505.

Even assuming that service pursuant to Rule 4(j) is proper—service upon "a state . . . or any other state-created governmental organization"—there is no evidence that the Arizona Department of Public Safety ever received service of process. Rule 4(j) allows a state-created governmental organization to be served either by "delivering a copy of the summons and of the complaint to its chief executive officer" or by following the Arizona rules, which state that a governmental entity may be served by "delivering a copy of the

summons and the pleading" to the "entity's chief executive officer(s), or, alternatively, its official secretary, clerk, or recording officer." Ariz. R. Civ. P. 4.1(h). There is a clear rationale for requiring service upon a defendant official or his organization, and not just the state for which he works, when he is sued in an official capacity, namely, that "the action is directly against him, that some action or inaction is requested from him, and that he might be held in contempt if he were to violate the court's orders." *Echevarria-Gonzalez*, 849 F.2d at 29.

If good cause exists for a failure to timely complete service, the court must extend the time period for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Even if the plaintiff fails to show good cause, the district court has "the discretion to dismiss without prejudice or extend the time period." *Id.* (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)). Factors to be considered in examining whether good cause exists include whether: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

Here, no good cause exists for Plaintiff's failure to complete service upon Defendants Ramirez, Kalkbrenner, Williams, or Selbert. There is no evidence that these defendants received actual notice of this suit, and they would be prejudiced by being brought into this lawsuit after years of delay in service. Furthermore, Plaintiff will suffer no prejudice from the dismissal of Defendants Kalkbrenner and Williams, as they are redundant defendants: the City of Phoenix is a named Defendant, and Kalkbrenner and Williams are municipal officers of the City of Phoenix named only in their official capacities. *See Center for BioEthical Reform, Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."). Although Plaintiff named Defendant Ramirez in both his individual and official capacities, and he is therefore not a redundant

defendant, the Court will nonetheless dismiss Ramirez from this action because any prejudice to Plaintiff is outweighed by the prejudice Ramirez would suffer by being brought into this suit years after its initiation coupled with the fact that there is no indication Ramirez ever received actual notice of this suit. Finally, Plaintiff will not suffer any prejudice if Defendant Selbert (Silbert) is dismissed from this action, because he is named only in his official capacity and "neither a State nor its 'officials' acting in their official capacities are 'persons' under § 1983" when sued for damages. *Will*, 491 U.S. at 71.[3] Since Plaintiff cannot recover from Defendant Selbert (Silbert) under § 1983 given that she has sued him only in his official capacity, she will suffer no prejudice from his dismissal, and he will therefore be dismissed from this action.

Although the Court did not order Plaintiff to address service as to Defendant David Shinn in its April 23, 2023 Order given that, at that time, the action was to be stayed as to Defendants Shinn and Corizon, it appears that the same service issues applicable to Defendant Selbert (Silbert) are also applicable to Defendant Shinn. Defendant Shinn has not appeared in this action, and it does not appear that service has been executed upon him. Furthermore, Defendant Shinn is also sued only in his official capacity, rendering Plaintiff unable to recover damages from him under § 1983. The Court will therefore require Plaintiff to file a response to this Order within thirty days of the date it is filed addressing service as to Defendant Shinn and addressing why he should not be dismissed from this action.

### III.    Motion to Extend Time to Respond

In the Motion to Extend Time, Plaintiff asks the Court to extend her deadline to file a response to Defendant Maricopa County's Motion to Exclude Plaintiff's Expert Opinions from March 20, 2026, to March 27, 2026. (Doc. 160.) Plaintiff avers that good cause exists for the requested extension of time because Plaintiff's counsel is suffering a serious illness

---

[3] The Court notes that a state official sued in his or her official capacity for injunctive relief is a "person" under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10 (citing *Kentucky v. Graham*, 473 U.S., at 167, n. 14; *Ex parte Young*, 209 U.S. 123, 159–160 (1908). Here, however, Plaintiff seeks only damages, not injunctive relief, and indeed could not seek injunctive relief because Plaintiff alleges no future injury.

requiring outpatient treatment and surgery, and Plaintiff's counsel has a close family member in critical condition in the State of Washington, leading counsel to travel there to be with family. (*Id.*) Plaintiff's counsel explains that Defendants opposed the requested extension of time before Plaintiff's counsel received word of the condition of her family member, and that she intended to comply with the initial deadline to respond before being faced with her current family emergency. (*Id.*) On March 27, 2026, Plaintiff filed her response to the Motion to Exclude Plaintiff's Expert Opinions. (Doc. 163.) Good cause appearing, the Court will grant the Motion to Extend Time and accept Plaintiff's response as timely filed.

### IV.    Notice of Settlement, Notice of Clarification Regarding Notice of Settlement, and Stipulation of Dismissal

On December 31, 2025, Defendant State of Arizona filed a Notice of Settlement in which it alerted the Court that "the parties have reached a settlement in principle." (Doc. 151.) On February 9, 2026, Plaintiff filed a Notice of Clarification Regarding the State of Arizona's December 31, 2025 Notice of Settlement. (Doc. 155.) The Notice of Clarification states that "[o]n December 16, 2025, Plaintiff participated in a mediation regarding Defendant Corizon Health and the State of Arizona Department of Corrections," during which Plaintiffs agreed in principle to resolve claims against Corizon and the Arizona Department of Corrections. (*Id.*) Plaintiff states that the Arizona Department of Public Safety and its agents did not participate in the negotiation. (*Id.*)

On April 10, 2026, Corizon Health filed a Stipulation to Dismiss with Prejudice, in which Corizon states that "Plaintiff and Defendants Corizon Correctional Healthcare and the State of Arizona hereby stipulate and agree that this matter may be dismissed with prejudice only as related to Plaintiffs' claims regarding Justin Branum's medical care while incarcerated with the Arizona Department of Corrections." (Doc. 168 at 2.) The Court will deny the Stipulation with leave to refile, as it is not sufficiently clear which particular claims in the Third Amended Complaint are being dismissed as to which Defendants. The Court notes that the State of Arizona Department of Corrections is not a named defendant

in this action.  Plaintiff named former Director of the Arizona Department of Corrections, David Shinn, in his official capacity (Doc. 17), but as discussed above, it does not appear that service has been executed upon Defendant Shinn. No attorney has appeared on Shinn's behalf in this action, and it is not clear whether the Stipulation to Dismiss intends to dismiss any of Plaintiff's claims against Defendant Shinn. Furthermore, it is not clear whether the Stipulation to Dismiss intends to dismiss Defendant Corizon Health (or any other Defendant) from this action entirely, or whether it intends only to dismiss certain claims against Corizon Health.

As discussed above, the State of Arizona is not amenable to suit under § 1983, and the State will therefore be dismissed from this action. With respect to Defendant Corizon Health, and any other Defendant with which Plaintiff has reached a settlement in principle, the Court will require a new Stipulation of Dismissal or a status report to be filed within thirty (30) days of the date this Order is filed.  Any refiled Stipulation of Dismissal must state exactly which claims in the Third Amended Complaint against which Defendant are being dismissed, and whether the Defendant at issue is being dismissed from this action entirely.

**IT IS ORDERED** that Defendant State of Arizona's Motion for Judgment on the Pleadings (Doc. 142) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to Respond (Doc. 160) is **granted**, *nunc pro tunc*.

**IT IS FURTHER ORDERED** that Defendants Ramirez, Kalkbrenner, Williams, and Selbert are **dismissed without prejudice** from this action for failure to serve.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response addressing service upon Defendant David Shinn within **thirty (30) days** of the date this Order is filed.

**IT IS FURTHER ORDERED** that the Stipulation to Dismiss with Prejudice (Doc. 168) is **denied without prejudice**, with leave to refile.

. . . .

. . . .

**IT IS FURTHER ORDERED** that Plaintiff and Defendant Corizon Health, and any other Defendant with which Plaintiff has reached a settlement in principle, shall file either a Stipulation of Dismissal or a status report within **thirty (30) days** of the date this Order is filed.

Dated this 21st day of April, 2026.

Honorable Rosemary Márquez
United States District Judge