**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Branum, | No. CV-21-00357-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Defendant Maricopa County's Motion to Exclude Plaintiff's Expert Opinions (Doc. 156), Plaintiff's Motion to Compel Deposition (Doc. 169), and Plaintiff's Motion for Extension of Time (Doc. 175). The Motion to Exclude and the Motion to Compel are fully briefed. (Docs. 163, 165, 171, 174.) The City of Phoenix joins Maricopa County's Motion to Exclude. (Doc. 158.) For the following reasons, the Court will grant the Motion to Exclude, deny the Motion to Compel, and grant the Motion for Extension of Time.

## I.     Motion to Exclude Plaintiff's Expert Opinions

In its Motion to Exclude Plaintiff's Expert Opinions, Defendant Maricopa County explains that Plaintiff's deadline to disclose initial expert testimony was March 2, 2026. (*See* Doc. 152.) Maricopa County avers in its Motion that Plaintiff failed to serve any written reports as required for retained experts,[1] or the information required for disclosures

---

[1] Fed. R. Civ. P. 26(a)2)(B) states that "[i]f the witness is one retained or specially employed to provide expert testimony . . .  or one whose duties as the party's employee regularly involve giving expert testimony" the disclosure of the identity of that witness "must be accompanied by a written report" containing certain specified information.

by non-retained experts,[2] by the March 2, 2026 deadline. (Doc. 159 at 3.) Maricopa County therefore argues that under Rule 37(c)(1), Plaintiff should be barred from using any information not disclosed in compliance with the March 2, 2026 deadline in this litigation. (*Id.* at 6.) Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

In her Response, Plaintiff explains that on February 3, 2023, before a stay of the above-captioned matter was initiated, counsel for Plaintiff emailed to counsel for Defendants a Fifth Supplemental Disclosure Statement. (Doc. 163 at 3-4.) Included in the Fifth Supplemental Disclosure Statement was a written report prepared by expert witness Brian Landers and a signed declaration by Dr. Todd Wilcox, who stated in the declaration that he would not be comfortable offering opinions on the issues in this litigation until reviewing the records of certain third parties, including Maricopa Medical Center and Banner-University Medical Center.[3] (Doc. 163-1 at 3-7.) Plaintiff avers that the "Fifth Supplemental Disclosure Statement said that Plaintiffs anticipate proffering opinions of a Dr. Myer Solny," but the Court is unable to locate in the exhibits submitted by Plaintiff—which appear to include the entirety of the Fifth Supplemental Disclosure Statement—any mention of Dr. Solny. (*See* Doc. 163-1 at 1-30.) However, in light of the content of the Fifth Supplemental Disclosure Statement, Plaintiff argues that the problem is not her failure to disclose, but rather Defendants' failure to provide her with the records her experts needed in order to provide complete reports. (Doc. 163 at 11.) Plaintiff points out that under the current schedule, disclosure of expert testimony is to be completed before the completion of fact discovery. (*Id.* at 11.)

Plaintiff further argues that any delay in the production of complete expert

---

[2] Federal Rule of Civil Procedure 26(a)(2)(C) states that "if the witness is not required o provide a written report," the disclosure of the identity of that witness "must state: (i) the subject matter on which the witness is expected to present evidence . . . and (ii) a summary of the facts and opinions to which the witness is expected to testify."

[3] These third parties were involved in providing medical care to Mr. Justin Branum, whose treatment and death while in custody underlie the claims in this action.

testimony is justified by Plaintiff's counsel's efforts to "press[] forward" with other aspects of the discovery process—namely proceeding with various depositions—as well as the loss of counsel's mother in October 2025, and a medical issue Plaintiff's counsel suffered one week before the March 2, 2026 deadline in this case. (*Id.* at 12-13.) Finally, Plaintiff argues that Maricopa County's Motion should be denied for failure to comply with the meet-and-confer requirement established for discovery motions and motions in limine by the Local Rules of Civil Procedure ("LRCiv"). (*Id.* at 7.)

In its Reply, Maricopa County clarifies that while Plaintiff disclosed a complete report from Mr. Landers, Plaintiff has disclosed no expert opinions "[a]s to the sole remaining issue pertaining to the County, the medical treatment provided to Mr. Branum during the first three days of his incarceration in September 2022." (Doc. 165 at 2.) The County further clarifies that it disclosed all records relating to medical care administrated to Mr. Branum while he was housed in correctional facilities, and in November 2022 disclosed all records relating to Mr. Branum originating from Maricopa Medical Center.[4] (Doc. 165 at 3.) Maricopa County further explains that although in its opinion the Banner-University Medical Center records "are not relevant to any cause of action against the County . . . it appears that these records were disclosed by the State as part of Branum's treatment with Corizon." (*Id.* at 4.) Therefore, it is Maricopa County's position that Plaintiff was in possession of all records needed for her experts to opine on the issues relevant to the causes of action against the County for years before the March 2, 2026 disclosure deadline. (*Id.*) Furthermore, Maricopa County counters Plaintiff's argument regarding failure to comply with the Local Rules by asserting that a meet-and-confer requirement in this instance is not compatible with the text of the Federal Rules of Civil Procedure. (*Id.* at 6.)

As a preliminary matter, Maricopa County's Motion to Exclude is a motion relating

---

[4] The parties variously refer to "Maricopa Medical Center" and "Valleywise." (*See* Docs. 163, 165.) It appears that this is the same facility, and that it has changed its name from Maricopa Integrated Health System to Valleywise Health. *Maricopa Integrated Health System is now Valleywise Health*, VALLEYWISE HEALTH, https://valleywisehealth.org/maricopa-integrated-health-system-is-now-valleywise-health/ (last visited June 22, 2026.)

to sanctions under Rule 37(c)(1). (*See* Doc. 156.) While the Local Rules do require consultation prior to the filing of a discovery motion or motion in limine,[5] due to the automatic nature of Rule 37(c)(1) sanctions, "[a]ny local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008). The Court declines to adopt a construction of the Local Rules that would render them in conflict with the Federal Rules, and therefore rejects Plaintiff's argument that Maricopa County's Motion to Exclude should be denied for failure to engage in a meet-and-confer prior to the filing of the Motion.

Turning to the merits of Maricopa County's argument under Rule 37(c)(1), the Court will begin with the full text of the Rule, which reads:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Rule 37(c)(1) is an "automatic" sanction that prohibits the use of improperly disclosed evidence unless a litigant can prove that their discovery violations were substantially justified or harmless. *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty,*

---

[5] LRCiv 7.2(j), (l).

- 4 -

*Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). "The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless." *Id.* (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)).

If a litigant fails to show that their discovery violation was substantially justified or harmless, a district court is nonetheless authorized to impose a lesser sanction than exclusion, but only "on motion and after giving an opportunity to be heard." *Id.* at 741 (citing Fed. R. Civ. P. 37(c)(1)). "[A] noncompliant party must 'avail himself of the opportunity to seek a lesser sanction' by formally requesting one from the district court.'" *Id.* (citing *Vanderberg v. Petco Animal Supplies Stores, Inc.,* 906 F.3d 698, 705 (8th Cir. 2018)). Where a noncompliant party fails to move for a lesser sanction, "a district court does not abuse its discretion in excluding evidence under the plain meaning of Rule 37(c)(1)." *Id.* If a district court excludes case-dispositive evidence, the court must consider the propriety of lesser sanctions as part of Rule 37(c)(1)'s "harmlessness" inquiry, but this requirement is only triggered where "the request for an alternative sanction is presented 'on [the noncompliant party's] motion.'" *Id.* (citing Fed. R. Civ. P. 37(c)(1)) (discussing *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240 (9th Cir. 2012)).

Here, Plaintiff's failure to provide complete expert reports before the March 2, 2026 deadline—with the exception of the report by Mr. Brian Landers—is neither substantially justified nor harmless. Examining the first of the *Landers* factors, Plaintiff's noncompliance has prejudiced Maricopa County's ability to prepare rebuttal opinions, its ability to effectively prepare for a cross-examination of Dr. Wilcox and Dr. Solny at trial, and its ability to counter Plaintiff's theory of her case. (Doc. 165 at 8.) Moreover, Plaintiff states in her Response that she has now "obtained the Maricopa County Medical Center records and has forwarded them to Dr. Wilcox"—according to Maricopa County, of course, Plaintiff has been in possession of those records for years—but Plaintiff still offers no timeline as to when Dr. Wilcox will be able to offer a complete report. (Doc. 163 at 9.) Plaintiff states the same regarding Dr. Solny, averring that "the Maricopa Medical Center records have been sent to Dr. Solny and are awaiting supplementation," but again offering

no definitive timeline for when Dr. Solny's report will be available. (*Id.* at 10.) This raises serious doubts as to Plaintiff's ability to cure the prejudice resulting from her noncompliance, which is the second *Landers* factor. As to the third *Landers* factor, although no trial date is currently set in the above-captioned matter, Maricopa County's ability to contend with Plaintiff's expert opinions at a forthcoming trial is prejudiced for the same reasons discussed above. Finally, as to the fourth *Landers* factor, while there is no evidence that Plaintiff's noncompliance is the result of bad faith or willfulness, inadvertence or mistake does not constitute an excuse under Rule 37(c)(1).

Plaintiff's main argument as to why her noncompliance is substantially justified is that Maricopa County failed to provide her with the records she needed for her experts to produce their opinions, and that Maricopa County's failure is at worst obstructionist and at best the result of a discovery schedule that places completion of expert testimony before the closure of fact discovery. (*See* Doc. 163.) This argument is a misguided attempt to shift the blame away from Plaintiff rather than take responsibility for failure to comply with litigation deadlines. There are two key reasons why: first, it appears that Plaintiff is incorrect that she lacked the records needed for her experts to produce their reports. In her Response, Plaintiff identifies two sets of records she required, including those from Maricopa Medical Center, and from Banner-University Medical Center. (Doc. 163 at 9.) The Maricopa Medical Center records were disclosed to Plaintiff on November 9, 2022. (Doc. 165-2 at 17.) And while Maricopa County maintains that the Banner records are not relevant to any cause of action against it, the County points out that it "appears these records were disclosed by the State as part of Branum's treatment with Corizon." (Doc. 165 at 4.) As such, rather than any fault by Maricopa County or another Defendant in not providing necessary records, the record strongly suggests that fault for the current situation lies with Plaintiff for failing to send those records to her expert witnesses.

The second key reason why Plaintiff's argument must be rejected is because she waited until after the March 2, 2026 deadline had passed, and until Maricopa County filed its Motion to Exclude, to assert it. Even if the issue of not being in possession of the records

necessary for Plaintiff's experts to produce their reports was real, it was apparent long before the March 2, 2026 deadline. Plaintiff could have taken many actions to ameliorate the problem, including communicating with Defendants regarding the reports,[6] or filing a motion to adjust case management deadlines that explained why requiring expert testimony to be completed prior to fact discovery affected her ability to produce expert reports. Instead, Plaintiff waited until Maricopa County filed its Motion to Exclude to raise these issues, which has impeded the discovery process and slowed the resolution of this case.

Finally, Plaintiff's additional arguments as to why her failure to comply with the March 2, 2026 deadline should be excused include Plaintiff's counsel's efforts to "press[] forward" with other aspects of the discovery process, as well as the loss of Plaintiff's counsel's mother in October 2025, and a medical issue Plaintiff's counsel suffered one week before the March 2, 2026 deadline in this case. (Doc. 163 at 12-13.) Of course, efforts to move forward with other aspects of the discovery process are counsel's obligation, and do not excuse the failure to comply with her obligations regarding the expert testimony deadline. The Court is sympathetic to the loss of Plaintiff's counsel's mother, and has granted two extensions of time on this basis since the loss occurred in October 2025. (Docs. 145, 152.) However, it is the responsibility of Plaintiff's counsel to make appropriate arrangements if she is unable to engage in litigation. The Court is also sympathetic to Plaintiff's counsel's medical issue, but with the medical problem arising just one week before the deadline, and with Plaintiff's counsel appearing to have not yet solicited complete reports from her experts at that juncture, it does not appear that Plaintiff would have been able to comply with the March 2, 2026 deadline regardless of whether the medical issue had occurred or not.

In sum, Plaintiff's Response fails to show that her noncompliance with the March 2, 2026 deadline for the disclosure of expert testimony was substantially justified or

---

[6] Indeed, Plaintiff's counsel contends that Defendants should have communicated with her regarding the expert reports, even going so far as to pen a hypothetical conversation between herself and defense counsel. (Doc. 163 at 8.) If Plaintiff's counsel believes that increased communication could alleviate some of the burdens of the discovery process or obviate the need for certain motions to be filed, she should undertake the responsibility of initiating some of that communication.

harmless. The Court is authorized to impose a lesser sanction than exclusion, but only "on motion and after giving an opportunity to be heard"[7]; here, Plaintiff has filed no motion requesting a lesser sanction than exclusion. Under the plain text of Rule 37(c)(1), any expert opinions not disclosed by the March 2, 2026 deadline must be excluded. It appears that Plaintiff disclosed only one compliant expert opinion, that of Mr. Brian Landers. (*See* Doc. 163-1 at 5.) For the foregoing reasons, the Court will grant Maricopa County's Motion to Exclude.

## II.    Motion to Compel

In Plaintiff's Motion to Compel, she explains that "[o]n February 20, 2026, Plaintiffs requested a Rule 30(b)(6) deposition of Maricopa County identifying, among other topics, the factual bases for each affirmative defense the County pled in its Answer to the Third Amended Complaint." (Doc. 169 at 2.) She further explains that Maricopa County objected to questioning regarding the factual bases for its affirmative defenses, and that the County contended that the questioning would improperly risk exposure of attorney work product and mental impressions. (*Id.*) The parties were unable to resolve the dispute through personal consultation, and Plaintiff therefore requests that the Court require Maricopa County's Rule 30(b)(6) representative to answer questions regarding the factual bases for the County's affirmative defenses. (*Id.* at 3.)

In its Response to the Motion to Compel, Maricopa County argues that the District of Arizona has already held that probing the factual bases underlying affirmative defenses in a Rule 30(b)(6) deposition unnecessarily risks revealing the legal advice of counsel and information protected by the work product doctrine. (Doc. 171 at 4 (citing *Unknown Party v. Arizona Board of Regents*, No. CV-18-01623, 2021 WL 2291380 (June 4, 2021).) Maricopa County asserts that this Court should follow the approach adopted by *Unknown Party* and authorize Plaintiff to serve an additional interrogatory to elicit the information she seeks, rather than allow her to pursue the information in a Rule 30(b)(6) deposition.

---

[7] Fed. R. Civ. P. 37(c)(1); *see also Fayad v. Life Time Inc.*, No. CV-22-01352-PHX-SPL, 2025 WL 2654224 at *4 (D. Ariz. Jan. 24, 2025) ("Plaintiffs have not moved for lesser sanctions, so it is inappropriate for the Court to consider admission of any improperly disclosed expert opinion on the basis of harmlessness.").

(*Id.* at 5.) In her Reply in support of her Motion to Compel, Plaintiff attempts to distinguish *Unknown Party* because that case was subject to the District of Arizona's Mandatory Initial Discovery Pilot Project ("MIDP"), which "studied whether requiring parties in civil cases to respond to a series of standard discovery requests before undertaking other discovery would reduce the cost and delay of civil litigation."[8] (Doc. 174 at 5.)

"Lower courts are split over whether the work product doctrine prevents Rule 30(b)(6) deposition questions concerning the facts underlying a party's contentions and affirmative defenses." *Kapolei Med. Park Venture v. Kidder Mathews Inc.*, No. 3:24-01837-AB, 2025 WL 2838958 at *2 (D. Or. Oct. 7, 2025) (citing *EEOC v. Caesars Ent.*, 237 F.R.D. 428 (D. Nev. 2006)). Courts holding that the factual bases for affirmative defenses are inappropriate topics for a Rule 30(b)(6) deposition reason that "complaints and answers, including affirmative defenses, are drafted by attorneys, and asking a 30(b)(6) witness, usually a nonlawyer, to answer this type of question[] . . . makes it extremely difficult to distinguish between 'facts' (not protected) and the issue of why those facts have legal consequences, which usually has a work-product (lawyer's mental impressions) dimension." *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2016 WL 11683593 at *9 (C.D. Cal. Oct. 26, 2016) (citing *Fidelity Mgmt. & Research Co. v. Actuate Corp.*, 275 F.R.D. 63, 64 (D. Mass. 2011)). On the other hand, "[c]ourts on the other side of the split consider the attorney work product problem overblown." *Kapolei*, 2025 WL 2838958 at *3.

As Maricopa County points out, this Court has already taken the view once before that allowing questioning during a Rule 30(b)(6) deposition regarding the factual bases for affirmative defenses would "unnecessarily open a can of worms." *Unknown Party*, 2021 WL 2291380 at *6. Therefore, "[i]n lieu of allowing this topic to be explored during [defendant's] Rule 30(b)(6) deposition," the Court in *Unknown Party* elected to authorize the plaintiff in that case to "propound one additional interrogatory to [defendant] seeking

---

[8] *Mandatory Initial Discovery Pilot Project*, FEDERAL JUDICIAL CENTER, https://www.fjc.gov/content/321837/mandatory-initial-discovery-pilot-project-overview (last visited June 22, 2026).

more information about [defendant's] affirmative defenses." *Id.*

The Court finds the reasoning in *Unknown Party* and other cases holding that the factual bases for affirmative defenses are inappropriate topics for a Rule 30(b)(6) deposition persuasive, and finds that Plaintiff's attempts to distinguish *Unknown Party* are unavailing. Plaintiff argues that in *Unknown Party*, the Court decided to authorize an additional interrogatory "because the defendant had already made detailed factual disclosures under [the Mandatory Initial Discovery Pilot Project] and the plaintiff had not challenged their adequacy." (Doc. 174 at 5.) This is an incomplete characterization of the Court's decision; while the Court did state that the timing of the defendant's MIDP disclosures meant that the plaintiff "should be afforded some mechanism for obtaining more information about [defendant's] affirmative defenses[,]" the Court concluded that a Rule 30(b)(6) deposition was not the appropriate vehicle for such an inquiry.[9] *Unknown Party*, 2021 WL 2291380 at \*6.

In light of the foregoing, the Court concludes that requiring Maricopa County's Rule 30(b)(6) deponent to answer questions regarding the factual bases for Maricopa County's affirmative defenses is inappropriate. The Court will therefore deny Plaintiff's Motion to Compel. However, Maricopa County has no objection to allowing Plaintiff to serve an additional interrogatory "directed to the non-privileged facts supporting Maricopa County's affirmative defenses[.]" (Doc. 171 at 6.) Given that an interrogatory is a better mechanism for the discovery of the information Plaintiff seeks regarding Maricopa County's affirmative defenses,[10] the Court will authorize Plaintiff to propound one additional interrogatory seeking more information about Maricopa County's affirmative defenses.

---

[9] In addition, Plaintiff asserts as a general matter that "[t]he facts supporting affirmative defenses are not privileged[,]" but each of the cases she cites for this proposition analyze objections to interrogatories rather than Rule 30(b)(6) depositions, and are therefore inapposite. (Doc. 169 at 5.)

[10] "'[C]ontention interrogatories are a better vehicle' for seeking facts underlying affirmative defenses." *Kapolei*, 2025 WL 2838958 at \*4 (citing *Fid. Mgmt. & Rsch. Co.*, 275 F.R.D. at 64; *see also Cook v. Lynn and Williams, Inc.*, 344 F.R.D. 149, 157 (D. Mass. 2023)) ("Where a party seeks not only facts but an explanation of the legal consequences of said facts, contention interrogatories are a better discovery vehicle than a Rule 30(b)(6) deposition.").

### III.    Motion for Extension of Time

In her Motion for Extension of Time, Plaintiff requests that the case management deadlines established in the Court's January 5, 2026 Order be extended by sixty days. (Doc. 175.) Plaintiff avers that Defendants do not object to this request. (*Id.*) Plaintiff further avers that good cause exists for the requested extension of time because the parties have been actively engaged in discovery, but anticipate that several more depositions must be conducted. (*Id.*) Moreover, Plaintiff points out that the parties have been awaiting rulings from the Court regarding the Motion to Exclude and Motion to Compel resolved above, which each have implications for the timeline of the discovery process. Good cause appearing, the Court will grant Plaintiff's Motion for Extension of Time, and will extend the remaining case management deadlines by seventy-five days in light of the amount of time that Plaintiff's Motion for Extension of Time has been under consideration.

Accordingly,

**IT IS ORDERED** that Defendant Maricopa County's Motion to Exclude Plaintiff's Expert Opinions (Doc. 156) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Deposition (Doc. 169) is **denied**. Plaintiff may propound **one (1)** additional interrogatory seeking more information about Maricopa County's affirmative defenses.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 175) is **granted**. The deadlines set forth in the Court's January 5, 2026 Order are **extended** as follows:

1. All discovery shall be completed no later than **August 17, 2026**.
2. The dispositive motion deadline is **September 14, 2026**.
3. The parties shall file a joint proposed pretrial order within **thirty (30) days** after resolution of any summary judgment motions filed or, if no such motions are filed, on or before **November 9, 2026**.

Dated this 29th day of June, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

- 12 -